LEVINSON, Judge.
On 4 August 2003, defendant (Jason Bedford) was indicted for possession of a controlled substance (heroin), misdemeanor possession of a controlled substance (Lorazepam), and misdemeanor possession of drug paraphernalia (a needle and bindles). Defendant pled guilty to the misdemeanor possession of Lorazepam; judgment was continued with respect to this offense.[1] A jury convicted defendant of possession of heroin and misdemeanor possession of drug paraphernalia.
For the heroin possession conviction, defendant received a sentence of eight to ten months imprisonment. This sentence wassuspended for sixty months and defendant was placed on supervised probation for that same period. The trial court imposed special conditions of probation including, inter alia, that defendant "be subject to searches by any [law enforcement officer] at any time." The trial court also required payment of a $2500 fine as a condition of probation.
For the conviction of possession of drug paraphernalia, defendant received a sentence of forty-five days imprisonment to run at the expiration of the sentence for possession of heroin. This sentence was also suspended, and defendant was placed on supervised probation for a period of thirty-six months, to begin at the expiration of the probation imposed as part of the sentence for possession of heroin. Defendant was further ordered to comply with the conditions of probation established in the judgment imposing sentence for possession of heroin. From these judgments, defendant now appeals.
In his first argument on appeal, defendant contends that, by requiring him to pay a $2500 fine, the trial court imposed an excessive fine in violation of the State and Federal Constitutions and/or abused its discretion in setting the amount of the fine. This contention lacks merit.
"Any judgment that includes a sentence of imprisonment may also include a fine. . . . Unless otherwise provided, the amount of the fine is in the discretion of the court." N.C.G.S. § 15A-1340.17(b) (2003). "In determining the method of payment of afine, the court should consider the burden that payment will impose in view of the financial resources of the defendant." N.C.G.S. § 15A-1362(a) (2003).
The imposition of excessive fines violates both the Eighth Amendment to United States Constitution and Article I, Section 27 of the North Carolina Constitution. As the language of the excessive fines clause in each charter is identical, the Court conducts the same analysis under both provisions. State v. Sanford Video & News, Inc., 146 N.C. App. 554, 557, 553 S.E.2d 217, 219 (2001), disc. review denied, 355 N.C. 221, 560 S.E.2d 359 (2002). A fine is unconstitutional under the Federal and State constitutions if it is "'grossly disproportional to the gravity of a defendant's offense.'" Id. at 558, 553 S.E.2d at 219 (quoting United States v. Bajakajian, 524 U.S. 321, 334, 141 L. Ed. 2d 314, 329 (1998)).
In the instant case, defendant concedes that the trial court was authorized to impose a fine, but alleges that the amount of the fine is unconstitutionally excessive because defendant was convicted of "the lowest level felony in the criminal law in this State." Notwithstanding defendant's assertion that possession of heroin is a "low[] level felony," we observe that the gravity of this offense may be gleaned from the care that the General Assembly has taken to outlaw the use of such controlled substances and from the classification of heroin possession as a felony. See N.C.G.S. § 90-95(d)(1) (2003). We are unpersuaded the imposition of a $2500fine for possession of heroin runs afoul of constitutional principles.
Defendant further alleges that the amount of the fine is too great given his financial circumstances. In making this argument, defendant relies only on the fact that he was determined to be indigent for purposes of representation. Defendant does not contend that he is unable to pay the fine or that payment would result in undue hardship for him. On the facts of this case, we discern neither a constitutional violation nor an abuse of discretion in the trial court's decision to impose a $2500 fine as a condition of defendant's probation. This assignment of error is overruled.
In his second argument on appeal, defendant contends that the trial court erred in setting the length of his probation in violation of N.C.G.S. § 15A-1343.2(d) (2003). We conclude, and the State concedes, that the trial court erred in fixing the length of defendant's probation in both the judgment imposing sentence for possession of heroin and the judgment imposing sentence for possession of drug paraphernalia.
The trial court's written judgment sentencing defendant for possession of heroin sets the length of defendant's probation at sixty months. The judgment contains no finding that it is necessary for defendant's probation to be longer than the presumptive maximum length established by statute. Pursuant to G.S. § 15A-1343.2(d)(3), the trial court was required either to setthe length of defendant's probation at "not less than 12 nor more than 30 months" or to make specific findings that a longer or shorter period of probation was necessary.
The trial court's written judgment sentencing defendant for possession of drug paraphernalia sets the length of defendant's probation at thirty-six months. The judgment contains no finding that it is necessary for defendant's probation to be longer than the presumptive maximum length established by statute. Pursuant to G.S. § 15A-1343.2(d)(1), the trial court was required either to set the length of defendant's probation at "not less than six nor more than 18 months" or to make specific findings that a longer or shorter period of probation was necessary.
This matter must be remanded for the trial court to set the length of defendant's probation in each judgment in accordance with G.S. § 15A-1343.2(d).
In his third argument on appeal, defendant contends that the trial court erred in conditioning his probation on defendant being subject to searches by any law enforcement officer at any time. We agree.
N.C.G.S. § 15A-1343(b1)(7) (2003) provides that
[T]he court may, as a condition of probation, require that during the probation the defendant . . . [s]ubmit at reasonable times to warrantless searches by a probation officer of his or her person and of his or her vehicle and premises while the probationer is present, for purposes specified by the court and reasonably related to his or her probation supervision, but the probationer may not berequired to submit to any other search that would otherwise be unlawful.
(emphasis added). "[A probation] requirement that [a defendant] submit to a search by any law enforcement officer without a warrant is invalid." State v. Grant, 40 N.C. App. 58, 60, 252 S.E.2d 98, 99 (1979).
The State asserts that the challenged requirement is not an aspect of defendant's probation, but is instead a condition of defendant's appeal bond that was erroneously included in the judgments. This conclusion is premised on the discrepancy between the trial court's statements during the sentencing hearing and the written judgment. The State concedes that, if the challenged requirement is a condition of probation, this case must be remanded to eliminate it from the judgments. Given that it is included as a condition of probation on the written judgments imposing sentence, we conclude that the matter must be remanded to eliminate the requirement that defendant submit to searches by any law enforcement officer at any time.
Finally, we observe that although the trial court found that the factors in mitigation outweigh the factors in aggravation, it nonetheless sentenced defendant in the aggravated range for possession of heroin. This, too, must be addressed by the trial court upon remand.
No error in part; reversed in part, and remanded.
Judges HUNTER and CALABRIA concur.
Report per Rule 30(e).

The present appeal does not concern any final judgment concerning the possession of Lorazepam.