STATE OF NORTH CAROLINA v. KEITH LEONARDO SHROPSHIRE

No. COA10-1113

(Filed 15 March 2011)

**Criminal Law— guilty plea—motion to withdraw plea summarily denied—no error**

The trial court did not err in a first-degree rape and statutory rape case by summarily denying defendant's motion to withdraw his guilty plea after sentencing. Defendant presented no questions of fact that needed to be resolved by an evidentiary hearing, nothing in the record indicated that defendant's plea was not the product of a free and a intelligent choice, and the trial court expressed willingness to allow defendant to confer with defense counsel about the propriety of his motion. Furthermore, defendant was not entitled to withdraw his guilty plea as he failed to show manifest injustice.

---

Appeal by Defendant from judgments entered 19 April 2010 by Judge Christopher M. Collier in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 February 2011.

*Attorney General Roy Cooper, by Assistant Attorney General M. Elizabeth Guzman, for the State.*

*Appellate Defendant Staples Hughes, by Assistant Appellate Defenders Mary J. Cook and Kristen L. Todd, for Defendant.*

STEPHENS, Judge.

On 26 April 2004, Defendant Keith Leonardo Shropshire ("Shropshire") was indicted on one count of first-degree rape and one count of statutory rape. At the 19 April 2010 Criminal Session of Mecklenburg County Superior Court,[1] the Honorable Christopher M. Collier presiding, pursuant to a plea agreement, Shropshire pled guilty to attempted first-degree rape and attempted statutory rape in exchange for the State's agreement that "sentencing will be in the mitigated range at the court's discretion" and that "the court will determine whether the sentences will be served concurrently or consecutively." After conducting a plea colloquy with Shropshire, in which the court questioned Shropshire about his understanding and acceptance of the plea, the trial court accepted Shropshire's plea and sentenced him to consecutive sentences of 151 to 191 months in the custody of the North Carolina Department of Correction. After the court pronounced Shropshire's sentence, the following exchange took place:

| | |
|---|---|
| [SHROPSHIRE]: | I didn't understand, your Honor. |
| THE COURT: | 151 minimum to 191 minimum [sic] plus the same thing. |
| [SHROPSHIRE]: | Your Honor — |
| THE COURT: | Take him out. |
| [SHROPSHIRE]: | I appeal this on the grounds my constitutional rights were violated. I appeal. |
| THE COURT: | [Defense counsel], if you'll take a couple minutes to explain with [Shropshire] the limited grounds for appeal. If he alleges grounds that |

---

1. Shropshire consented to a mistrial in his first trial on these charges in February 2009.

are allowed to be appealed to the guilty plea I will allow him to plea [sic].

[SHOPRSHIRE]: I would also like to reject my plea.

THE COURT: That's a motion to withdraw your plea, is that what that is?

[SHROPSHIRE]: Yes, sir.

THE COURT: Motion denied. Take him out.

Thereupon, Shropshire gave notice of appeal.[2]

On appeal, Shropshire argues that the trial court erred by "summarily den[ying] [his] motion to withdraw his plea after sentencing[.]" Citing *Dickens*, 299 N.C. at 84, 261 S.E.2d at 188, Shropshire contends that it was error for the trial court to fail to " 'patiently and fairly' consider [Shropshire's] motion to determine whether it [had] any merit." We are unpersuaded by Shropshire's argument.

"A post-sentencing motion to withdraw a plea is a motion for appropriate relief." *State v. Salvetti*, —— N.C. App. ——, ——, 687 S.E.2d 698, 703 (citing *State v. Handy*, 326 N.C. 532, 536, 391 S.E.2d 159, 161 (1990)), *disc. review denied, appeal dismissed*, 364 N.C. 246, 699 S.E.2d 919 (2010). "Any party is entitled to a hearing on questions of law or fact arising from [such a motion] . . . unless the court determines that the motion is without merit." N.C. Gen. Stat. § 15A-1420(c)(1) (2009). As held by our Supreme Court in *Dickens*, "in most cases reference to the verbatim record of the guilty plea proceedings will conclusively resolve all questions of fact raised by a defendant's motion to withdraw a plea of guilty and will permit a trial judge to dispose of such motion without holding an evidentiary hearing." *Id.* at 84, 261 S.E.2d at 188. Accordingly, "[e]videntiary hearings are required in [such] post-conviction proceedings only when necessary to resolve questions of fact." *Id.*

---

2. Although Shropshire pled guilty in the trial court, Shropshire may properly appeal to this Court pursuant to N.C. Gen. Stat. § 15A-1444(e) (2009) ("[E]xcept when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court.") and *State v. Dickens*, 299 N.C. 76, 79, 261 S.E.2d 183, 185 (1980) ("[W]hen a motion to withdraw a plea of guilty or no contest has been denied, the defendant is entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court.").

STATE v. SHROPSHIRE

[210 N.C. App. 478 (2011)]

In this case, Shropshire presented no questions of fact that needed to be resolved by an evidentiary hearing. Shropshire's statement that he didn't understand the trial court's decision to run the sentences consecutively did not raise any factual issue where Shropshire had already stated that he accepted and understood the plea agreement and its term that "the court will determine whether the sentences will be served concurrently or consecutively." Furthermore, Shropshire fails to raise any questions of fact on appeal. Instead, he simply quotes *State v. Dickens*, 41 N.C. App. 388, 395, 255 S.E.2d 212, 215 (1979) (Clark, J., dissenting), *rev'd, Dickens*, 299 N.C. 76, 261 S.E.2d 183, and argues that, "regardless of whether an evidentiary hearing would have been required, 'the importance of protecting the innocent and insuring that guilty pleas are a product of free and intelligent choice requires that such claims be patiently and fairly considered by the courts.' " Here, however, there is nothing in the record to indicate that Shropshire's guilty plea was not the product of free and intelligent choice. It appears from the transcript that Shropshire's only reason for moving to withdraw his plea was his dissatisfaction with his sentence. Further, based on the trial court's expressed willingness to allow Shropshire to confer with defense counsel about the propriety of his motion, it appears the trial court did not deny Shropshire's motion the fair consideration it was due. Therefore, we conclude that, under the circumstances, the trial court's denial of Shropshire's motion without a hearing was not error.

We further note that where a defendant seeks to withdraw a guilty plea after he is sentenced consistent with his plea agreement, the defendant is entitled to withdraw his plea only upon a showing of manifest injustice. *State v. Russell*, 153 N.C. App. 508, 509, 570 S.E.2d 245, 247 (2002). "Factors to be considered in determining the existence of manifest injustice include whether: [d]efendant was represented by competent counsel; [d]efendant is asserting innocence; and [d]efendant's plea was made knowingly and voluntarily or was the result of misunderstanding, haste, coercion, or confusion." *Id.* (citing *Handy*, 326 N.C. at 539, 391 S.E.2d at 163). In this case, none of the factors listed above were present. On the contrary, Shropshire was represented by competent counsel, Shropshire admitted his guilt to the court, Shropshire averred that he made the plea knowingly and voluntarily, and Shopshire admitted that he fully understood the plea agreement and that he accepted the arrangement. Accordingly, we conclude that Shropshire was not entitled to withdraw his guilty plea and that the trial court did not err in denying Shropshire's motion to do so.

AFFIRMED.

Judges HUNTER, Robert C. and ERVIN concur.