IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-316

 Filed: 30 December 2016

Buncombe County, No. 14 CRS 90194

STATE OF NORTH CAROLINA

 v.

ASHLEY MEREDITH ZUBIENA

 Appeal by defendant from judgment entered 2 November 2015 by Judge

William H. Coward in Buncombe County Superior Court. Heard in the Court of

Appeals 5 October 2016.

 Roy Cooper, Attorney General, by Alesia Balshakova, Assistant Attorney
 General, for the State.

 Linda B. Weisel for defendant-appellant.

 DAVIS, Judge.

 Ashley Meredith Zubiena (“Defendant”) appeals from her conviction for assault

by strangulation. On appeal, she contends that the trial court erred in (1) denying

her post-sentencing motion to withdraw her guilty plea; and (2) ordering her to pay a

$1,000 fine as part of her sentence. After careful review, we affirm.

 Factual and Procedural Background
 STATE V. ZUBIENA

 Opinion of the Court

 On 30 October 2015, a bill of information was filed charging Defendant with

assault by strangulation of her two-year-old daughter.1 Defendant subsequently

entered into a plea agreement with the State, which was set forth in a transcript of

plea. The “Plea Arrangement” section of that document provided as follows:

 Defendant shall plead guilty to one count of assault by
 strangulation. Pursuant to plea, the State shall dismiss
 the remaining charges delineated hereafter in this
 transcript.

 Parties stipulate Defendant is a level III for felony
 sentencing with 6 points.

 On 2 November 2015, a plea hearing was held before the Honorable William

H. Coward in Buncombe County Superior Court. At the hearing, the trial court

conducted a plea colloquy pursuant to N.C. Gen. Stat. § 15A-1022, which included the

following:

 THE COURT: All right. Miss Zubiena, have the charges
 been explained to you by your lawyer, and do you
 understand the nature of the charges, and do you
 understand every element of each charge?

 THE DEFENDANT: Yes, sir.

 THE COURT: Have you and your lawyer discussed the
 possible defenses, if any, to the charges?

 THE DEFENDANT: Yes, sir.

 1 Although not all of the pertinent charging documents are included in the record, it appears
from the transcript of plea that Defendant was also charged with misdemeanor child abuse and driving
with a revoked drivers’ license.

 -2-
 STATE V. ZUBIENA

 Opinion of the Court

THE COURT: Are you satisfied with your lawyer’s legal
services?

THE DEFENDANT: Yes, your Honor.

....

THE COURT: Do you understand that you’re pleading
guilty to the charge of assault by strangulation which
occurred on May 22, 2014 which is a Class H felony for
which the maximum punishment is 39 months?

THE DEFENDANT: Yes, your Honor.

THE COURT: Do you now personally plead guilty to the
charge that I just described?

THE DEFENDANT: Yes, your Honor.

THE COURT: Are you, in fact, guilty?

THE DEFENDANT: Yes, your Honor.

....

THE COURT: You understand that the Courts have
approved the practice of plea arrangements, and you can
discuss your plea arrangement with me without fearing my
disapproval?

THE DEFENDANT: Yes, your Honor.

THE COURT: Have you agreed to plead guilty as part of a
plea arrangement?

THE DEFENDANT: Yes, your Honor.

THE COURT: The Prosecutor and your lawyer have
informed the Court these are all the terms and conditions
of your plea. Defendant shall plead guilty to one count of

 -3-
 STATE V. ZUBIENA

 Opinion of the Court

assault by strangulation. Pursuant to plea, the State shall
dismiss the remaining charges delineated hereafter in this
transcript. Parties stipulate that Defendant is a Level
Three for felony sentencing with six points. Charges to be
dismissed are misdemeanor child abuse and driving while
license revoked not impaired revocation. So is the plea
arrangement as set forth within this transcript and as I’ve
just described it to you correct as being your full plea
arrangement?

THE DEFENDANT: Yes, your Honor.

THE COURT: Do you now personally accept this
arrangement?

THE DEFENDANT: Yes, your Honor.

THE COURT: Other than the plea arrangement has
anyone promised you anything or has anyone threatened
you in any way to cause you to enter this plea against your
wishes?

THE DEFENDANT: No, your Honor.

THE COURT: Do you enter this plea of your own free will,
fully understanding what you’re doing?

THE DEFENDANT: Yes, your Honor.

THE COURT: Do you agree that there are facts to support
your plea and do you consent to the Court hearing a
summary of the evidence?

THE DEFENDANT: Yes, your Honor.

THE COURT: All right. Miss Zubiena, do you have any
questions about what I’ve just said to you or about
anything else connected to your case?

THE DEFENDANT: No, your Honor.

 -4-
 STATE V. ZUBIENA

 Opinion of the Court

(Emphasis added.)

 After conducting a sentencing hearing, the trial court sentenced Defendant to

10-21 months imprisonment, suspended the sentence, placed her on 36 months

supervised probation, imposed as special probation a five-month active term of

imprisonment, and imposed a $1,000 fine. Defendant was also ordered to pay court

costs and miscellaneous fees.

 After the trial court announced its sentence in open court, the following

exchange took place:

 [DEFENSE COUNSEL]: Your Honor, the client would
 motion to strike her plea.

 THE COURT: Denied. You have any grounds? You don’t
 like the sentence?

 [DEFENSE COUNSEL]: We like [sic] to take it to trial.

 THE COURT: I don’t think that’s a grounds [sic] for
 striking a plea.

 [DEFENSE COUNSEL]: Yes, sir.

 Defendant gave timely notice of appeal.

 Analysis

 Defendant makes two arguments on appeal. First, she argues that the trial

court erred in denying her motion to withdraw her guilty plea given that the plea

agreement and plea colloquy contained no indication that a fine could be imposed as

 -5-
 STATE V. ZUBIENA

 Opinion of the Court

part of her punishment. Second, she contends that the fine violated the excessive

fines clauses of the federal and state constitutions or, in the alternative, that the trial

court abused its discretion in imposing the fine.

I. Appellate Jurisdiction

 We must first determine whether this Court has jurisdiction to hear

Defendant’s appeal. N.C. Gen. Stat. § 15A-1444(e) provides, in pertinent part, the

following:

 Except as provided in subsections (a1) and (a2) of this
 section and G.S. 15A-979, and except when a motion to
 withdraw a plea of guilty or no contest has been denied, the
 defendant is not entitled to appellate review as a matter of
 right when he has entered a plea of guilty or no contest to
 a criminal charge in the superior court, but he may petition
 the appellate division for review by writ of certiorari.

N.C. Gen. Stat. § 15A-1444(e) (2015) (emphasis added). Our Supreme Court has

explained that this portion of N.C. Gen. Stat. § 15A-1444(e) means “that when a

motion to withdraw a plea of guilty or no contest has been denied, the defendant is

entitled to appellate review as a matter of right when he has entered a plea of guilty

or no contest to a criminal charge in the superior court.” State v. Dickens, 299 N.C.

76, 79, 261 S.E.2d 183, 185 (1980).

 In Dickens, the defendant pled guilty to various charges and was sentenced to

a term of imprisonment. On the following day, he moved to withdraw his guilty pleas

on the ground that his attorney had told him that he would receive a punishment

 -6-
 STATE V. ZUBIENA

 Opinion of the Court

consisting solely of restitution rather than a prison sentence. The trial court denied

the motion, and the defendant appealed. Id. at 77, 261 S.E.2d at 184.

 The Supreme Court held that the defendant was “entitled to appeal as a matter

of right since his motion to withdraw his pleas of guilty, made during the term and

on the day following pronouncement of judgment, was denied.” Id. at 79, 261 S.E.2d

at 185. Dickens has not been overturned by the Supreme Court and is thus binding

on our Court. See Mahoney v. Ronnie’s Rd. Serv., 122 N.C. App. 150, 153, 468 S.E.2d

279, 281 (1996) (“[I]t is elementary that we are bound by the rulings of our Supreme

Court.”), aff’d per curiam, 345 N.C. 631, 481 S.E.2d 85 (1997). Moreover, the General

Assembly has not subsequently revised the relevant portion of N.C. Gen. Stat. § 15A-

1444 upon which Dickens relied.

 The present case is analytically indistinguishable from Dickens. Here too

Defendant pled guilty, was sentenced, unsuccessfully moved to withdraw her guilty

plea, and argued on appeal that the sentence imposed was different from that

contained in her plea agreement. Therefore, as in Dickens, Defendant has an appeal

as of right to this Court pursuant to N.C. Gen. Stat. § 15A-1444(e) to challenge the

denial of her motion to withdraw her guilty plea. See Dickens, 299 N.C. at 79, 261

S.E.2d at 185.

 Our dissenting colleague reaches a different conclusion, relying principally on

this Court’s decision in State v. Carriker, 180 N.C. App. 470, 637 S.E.2d 557 (2006),

 -7-
 STATE V. ZUBIENA

 Opinion of the Court

for the proposition that Defendant was required to file a petition for certiorari in order

to appeal the denial of her motion to withdraw her guilty plea.2 In Carriker, the

defendant entered into a plea agreement that stated she would receive a suspended

sentence and pay a fine and court costs. She pled guilty, was given a suspended

sentence, and was also ordered to surrender her nursing license. She then moved to

withdraw her guilty plea on the ground that her plea agreement had not mentioned

the surrender of her nursing license. The trial court denied the motion, and she

appealed. Id. at 470, 637 S.E.2d at 558.

 On appeal, this Court stated the following with regard to its jurisdiction to

hear the appeal:

 We begin by noting that “a challenge to the procedures
 followed in accepting a guilty plea does not fall within the
 scope of N.C. Gen. Stat. § 15A–1444 (2003), specifying the
 grounds giving rise to an appeal as of right.” State v.
 Rhodes, 163 N.C. App. 191, 193, 592 S.E.2d 731, 732
 (2004). Defendants seeking appellate review of this issue
 must obtain grant of a writ of certiorari.

Id. at 471, 637 S.E.2d at 558. We then proceeded to address the merits of the appeal

after noting that the defendant had, in fact, filed a petition for certiorari. Id.

 Carriker failed to acknowledge Dickens and instead relied upon our prior

decision in Rhodes. However, Rhodes did not involve a defendant who had moved to

withdraw his guilty plea in the trial court. In Rhodes, the defendant entered into a

 2 We note that the State has not asserted that Defendant lacks an appeal as of right or that
this Court otherwise lacks jurisdiction.

 -8-
 STATE V. ZUBIENA

 Opinion of the Court

plea agreement providing that he would be sentenced in the intermediate range.

Rhodes, 163 N.C. App. at 192, 592 S.E.2d at 732. The trial court accepted his plea

and imposed a suspended sentence. After a recess, the trial court reopened the case

sua sponte based on new information and proceeded to resentence the defendant to

an active term of imprisonment. The defendant did not move to withdraw his guilty

plea in the trial court but nevertheless filed an appeal based, in part, on his

contention that the court had imposed a sentence that was inconsistent with his plea

agreement when it resentenced him. Id. at 192-94, 592 S.E.2d at 732-33.

 The State argued on appeal that the defendant was not entitled to an appeal

as of right and was instead required to petition for a writ of certiorari. We agreed

with the State’s argument but elected to treat Defendant’s appeal as a certiorari

petition. Id. at 193, 592 S.E.2d at 732.

 In analyzing the jurisdictional issue in Rhodes, we cited State v. Bolinger, 320

N.C. 596, 359 S.E.2d 459 (1987). In Bolinger, after pleading guilty and being

sentenced by the trial court, the defendant did not move to withdraw his guilty plea.

On appeal, however, one of his arguments was that the trial court erred in accepting

his guilty plea because it did not make a proper determination that he had knowingly

pled guilty. The Supreme Court held that the defendant was not entitled to an appeal

as of right on this issue because none of the grounds set out in N.C. Gen. Stat. § 15A-

1444 providing for an appeal as of right were applicable. In so holding, the Supreme

 -9-
 STATE V. ZUBIENA

 Opinion of the Court

Court expressly noted that the “defendant has made no motion to withdraw the plea.”

Id. at 601, 359 S.E.2d at 462 (emphasis added).

 Similarly, the defendant in State v. Blount, 209 N.C. App. 340, 703 S.E.2d 921

(2011) — a case that is relied upon by the dissent — never moved to withdraw his

guilty plea in the trial court. The defendant in Blount argued on appeal that the trial

court erred in imposing a sentence that differed from the sentence specified in his

plea agreement. We explained that because no provision of N.C. Gen. Stat. § 15A-

1444 provided him with an appeal as of right on that issue, he was required to — and

did — petition for a writ of certiorari. Id. at 345, 703 S.E.2d at 925.

 Thus, unlike the present case and Dickens, the defendants in Bolinger, Rhodes,

and Blount never made a motion in the trial court to withdraw their guilty pleas. For

this reason, those defendants were required to file a petition for a writ of certiorari

because they lacked an appeal as of right under N.C. Gen. Stat. § 15A-1444(e).

Conversely, where a defendant does move to withdraw her guilty plea in the trial

court, she has an appeal as of right pursuant to N.C. Gen. Stat. § 15A-1444(e). See

Dickens, 299 N.C. at 79, 261 S.E.2d at 185.

 Notably, the dissent fails to differentiate between those cases where the

defendant actually moved to withdraw a guilty plea in the trial court and those in

which the defendant did not. Yet that question is crucial for jurisdictional purposes,

as N.C. Gen. Stat. § 15A-1444(e) — by its express terms — provides an appeal as of

 - 10 -
 STATE V. ZUBIENA

 Opinion of the Court

right “when a motion to withdraw a plea of guilty or no contest has been denied . . . .”

N.C. Gen. Stat. § 15A-1444(e) (emphasis added). Carriker appears to be the only

reported case in which a North Carolina court has stated that a petition for certiorari

was necessary for appellate review even where the defendant made a timely motion

to withdraw his guilty plea in the trial court. In asserting this proposition, however,

Carriker is in direct conflict with Dickens.

 State v. Shropshire, 210 N.C. App. 478, 708 S.E.2d 181, disc. review denied,

365 N.C. 204, 710 S.E.2d 28 (2011), serves as an example of our Court properly

following Dickens. In Shropshire, the defendant pled guilty pursuant to a plea

agreement and was sentenced to a term of imprisonment. After his sentence was

announced, the defendant immediately moved to withdraw his guilty plea. The trial

court denied the motion, and the defendant gave notice of appeal. Id. at 479-80, 708

S.E.2d at 182. On appeal, we explained that

 [a]lthough Shropshire pled guilty in the trial court,
 Shropshire may properly appeal to this Court pursuant to
 N.C. Gen. Stat. § 15A–1444(e) (2009) (“[E]xcept when a
 motion to withdraw a plea of guilty or no contest has been
 denied, the defendant is not entitled to appellate review as
 a matter of right when he has entered a plea of guilty or no
 contest to a criminal charge in the superior court.”) and
 State v. Dickens, 299 N.C. 76, 79, 261 S.E.2d 183, 185
 (1980) (“[W]hen a motion to withdraw a plea of guilty or no
 contest has been denied, the defendant is entitled to
 appellate review as a matter of right when he has entered
 a plea of guilty or no contest to a criminal charge in the
 superior court.”).

 - 11 -
 STATE V. ZUBIENA

 Opinion of the Court

Id. at 480 n.2, 708 S.E.2d at 182 n.2.

 The dissent attempts to distinguish Dickens from the present case by asserting

that Dickens “present[ed] a substantive legal issue concerning whether a proper

factual basis existed to support a defendant’s guilty plea” whereas the present appeal

deals with “a procedural challenge involving the acceptance of a guilty plea.” In

actuality, however, although the Supreme Court in Dickens briefly addressed

whether a factual basis for the defendant’s pleas existed, the Court explicitly stated

that the “defendant’s motion to withdraw his pleas of guilty is based on his assertion

that he was told by his attorney . . . that he would be allowed to make restitution in

lieu of a prison sentence[,]” yet the trial court nevertheless imposed a prison sentence.

Dickens, 299 N.C. at 83, 261 S.E.2d at 187.

 Thus, the principal issue in Dickens was not whether a factual basis existed to

support the plea but rather whether the defendant received the sentence he thought

had been agreed to as part of his guilty plea, which is the same issue Defendant raises

here. Therefore, we cannot agree with the dissent’s attempt to distinguish Dickens

from the present case based on a “procedural” versus “substantive” distinction.

Neither Dickens nor the statute recognize such a distinction for purposes of

determining whether a defendant has an appeal as of right under N.C. Gen. Stat. §

15A-1444(e) from the denial of a motion to withdraw a plea after sentencing.

 - 12 -
 STATE V. ZUBIENA

 Opinion of the Court

 Accordingly, because we are bound by the Supreme Court’s decision in Dickens,

we conclude that Defendant has a direct right of appeal pursuant to N.C. Gen. Stat.

§ 15A-1444(e). Under the circumstances presented here, the language from Carriker

relied upon by the dissent is in conflict with Dickens and therefore does not control.

See Employment Staffing Grp., Inc. v. Little, __ N.C. App. __, __ n.3, 777 S.E.2d 309,

313 n.3 (2015) (“[W]here there is a conflict between an opinion from this Court and

one from our Supreme Court, we are bound to follow the Supreme Court’s opinion.”).

II. Denial of Motion to Withdraw Guilty Plea

 We now turn to the merits of Defendant’s appeal. Her primary argument is

that the trial court’s denial of her motion to withdraw her guilty plea constituted

error because she was given a sentence that was inconsistent with her plea

agreement. This argument is based on the fact that although the plea agreement and

plea colloquy were silent as to the possibility of a fine, the trial court nevertheless

imposed a $1,000 fine as a part of her sentence.

 Pursuant to N.C. Gen. Stat. § 15A-1024,

 [i]f at the time of sentencing, the judge for any reason
 determines to impose a sentence other than provided for in
 a plea arrangement between the parties, the judge must
 inform the defendant of that fact and inform the defendant
 that he may withdraw his plea. Upon withdrawal, the
 defendant is entitled to a continuance until the next
 session of court.

N.C. Gen. Stat. § 15A-1024 (2015).

 - 13 -
 STATE V. ZUBIENA

 Opinion of the Court

 Thus, if the sentence imposed by a court is “other than provided for in” the

defendant’s plea agreement, “[u]nder the express provisions of [N.C. Gen. Stat. § 15A-

1024] a defendant is entitled to withdraw his plea and as a matter of right have his

case continued until the next term.” State v. Williams, 291 N.C. 442, 446-47, 230

S.E.2d 515, 518 (1976) (emphasis omitted); see also State v. Wall, 167 N.C. App. 312,

314, 605 S.E.2d 205, 207 (2004) (“Our General Assembly has created a clear right for

a defendant to withdraw a plea at the time sentence is imposed if that sentence differs

from that contained in the plea agreement[.]”). If, conversely, “the sentence imposed

is consistent with the plea agreement, the defendant is entitled to withdraw his plea

upon a showing of manifest injustice.” State v. Russell, 153 N.C. App. 508, 509, 570

S.E.2d 245, 247 (2002) (citation omitted and emphasis added).

 Accordingly, we must first determine whether the sentence imposed in this

case was inconsistent with Defendant’s plea agreement. The applicable section of the

transcript of plea states as follows:

 Defendant shall plead guilty to one count of assault by
 strangulation. Pursuant to plea, the State shall dismiss
 the remaining charges delineated hereafter in this
 transcript.

 Parties stipulate Defendant is a level III for felony
 sentencing with 6 points.

 Thus, the plea agreement specified only three things: (1) the crime to which

Defendant would plead guilty; (2) the charges that would be dismissed; and (3)

 - 14 -
 STATE V. ZUBIENA

 Opinion of the Court

Defendant’s prior record level and number of prior record points for sentencing

purposes. During the plea colloquy, Defendant confirmed in open court that these

provisions constituted her “full plea agreement.” While the transcript of plea and the

plea colloquy reflected the fact that the statutory maximum term of imprisonment for

assault by strangulation is 39 months, it is clear that her plea agreement did not

contain specific terms regarding her sentence.

 As such, this case is distinguishable from Carriker. There, the plea agreement

stipulated that the defendant “would receive a suspended sentence and pay a fine and

costs.” Carriker, 180 N.C. App. at 470, 637 S.E.2d at 558. Given that the plea

agreement in Carriker specified the punishments that the defendant would receive,

the fact that the trial court’s actual sentence included an additional punishment —

surrender of her nursing license — rendered it inconsistent with the plea agreement

and, therefore, subject to N.C. Gen. Stat. § 15A-1024. Id. at 471, 637 S.E.2d at 558.

 Similarly, in other cases in which our appellate courts have granted relief to

defendants pursuant to N.C. Gen Stat. § 15A-1024, the sentence imposed was

different than that agreed to in the defendant’s plea agreement. See, e.g., State v.

Puckett, 299 N.C. 727, 730, 264 S.E.2d 96, 98 (1980) (while plea agreement stipulated

that defendant’s convictions would be consolidated for sentencing purposes, trial

court declined to consolidate convictions and instead imposed consecutive sentences);

Wall, 167 N.C. App. at 317, 605 S.E.2d at 209 (trial court imposed sentence different

 - 15 -
 STATE V. ZUBIENA

 Opinion of the Court

than that set forth in plea agreement); Rhodes, 163 N.C. App. at 195, 592 S.E.2d at

733 (trial court imposed longer prison sentence than that provided for in plea

agreement).

 In the present case, however, we cannot conclude that the trial court “impose[d]

a sentence other than provided for in [the] plea arrangement,” N.C. Gen Stat. § 15A-

1024, given that Defendant’s plea agreement did not specify a sentence at all.

Accordingly, Defendant is not entitled to relief under N.C. Gen Stat. § 15A-1024.

 Having determined that Defendant’s sentence was not inconsistent with her

plea agreement, we must next consider whether it was manifestly unjust for the trial

court to deny her motion to withdraw her guilty plea. See Russell, 153 N.C. App. at

509, 570 S.E.2d at 247 (“If the sentence imposed is consistent with the plea

agreement, the defendant is entitled to withdraw his plea upon a showing of manifest

injustice.” (citation omitted)). “Factors to be considered in determining the existence

of manifest injustice include whether: defendant was represented by competent

counsel; defendant is asserting innocence; and defendant’s plea was made knowingly

and voluntarily or was the result of misunderstanding, haste, coercion, or confusion.”

Shropshire, 210 N.C. App. at 481, 708 S.E.2d at 183 (citation, quotation marks, and

brackets omitted).

 Initially, we observe that Defendant provided no specific reason to the trial

court in support of her motion to withdraw her plea. Upon the trial court’s inquiry

 - 16 -
 STATE V. ZUBIENA

 Opinion of the Court

as to the grounds for her motion, Defendant’s counsel simply stated: “We like [sic] to

take it to trial.” When the trial court then indicated that it did not think this was a

sufficient reason to withdraw a guilty plea, Defendant’s counsel once again failed to

articulate a specific ground.

 With regard to the above-quoted factors from Shropshire, Defendant does not

argue that she (1) received ineffective assistance of counsel; (2) was innocent; or (3)

pled guilty involuntarily or due to haste, coercion, or confusion. Defendant has failed

to persuade us that the trial court’s refusal to allow her to withdraw her plea was

manifestly unjust simply because she was not made aware at the time she entered

her plea that she could be subject to a fine. Indeed, we have previously observed that

N.C. Gen. Stat. § 15A-1022(a) — the statute setting forth the steps a trial court must

take to ensure that a defendant’s decision to plead guilty is the result of an informed

choice — “contains no provision requiring a defendant to be informed of any potential

fines prior to acceptance of a guilty plea.” State v. Bozeman, 115 N.C. App. 658, 663,

446 S.E.2d 140, 144 (1994).

 It is likewise clear that mere dissatisfaction with one’s sentence does not give

rise to manifest injustice in this context. See Shropshire, 210 N.C. App. at 481, 708

S.E.2d at 183 (holding there was no manifest injustice where it was apparent that

the “only reason for moving to withdraw [the defendant’s] plea was his dissatisfaction

with his sentence”).

 - 17 -
 STATE V. ZUBIENA

 Opinion of the Court

 Accordingly, we conclude that Defendant has failed to meet her burden of

showing that the trial court violated N.C. Gen. Stat. § 15A-1024 or that it was

manifestly unjust for the trial court to deny her motion to withdraw her guilty plea.

Therefore, we affirm the trial court’s denial of her motion.

III. Legality of Fine

 Plaintiff’s final argument is that the imposition of a $1,000 fine in this case

constituted an abuse of discretion or, alternatively, a violation of the federal and state

constitutions. We disagree.

 N.C. Gen. Stat. § 15A-1361 provides that “[a] person who has been convicted

of a criminal offense may be ordered to pay a fine as provided by law.” N.C. Gen.

Stat. § 15A-1361 (2015). “Any judgment that includes a sentence of imprisonment

may also include a fine. . . . Unless otherwise provided, the amount of the fine is in

the discretion of the court.” N.C. Gen. Stat. § 15A-1340.17 (2015). There is no

statutory provision that specifically addresses the amount of a fine that may be

imposed upon a conviction for assault by strangulation. Accordingly, the amount of

the fine is left to the trial court’s discretion. See id.

 In exercising its discretion to impose a fine, a “trial court must take into

account the nature of the crime, the level of the offense, and the aggravating and

mitigating factors, just as it would in setting the length of imprisonment for a

defendant.” State v. Sanford Video & News, Inc., 146 N.C. App. 554, 557, 553 S.E.2d

 - 18 -
 STATE V. ZUBIENA

 Opinion of the Court

217, 218 (2001), disc. review denied, 355 N.C. 221, 560 S.E.2d 359 (2002). It is well

established that “trial judges have broad discretion in determining the proper

punishment for crime, and . . . their judgment will not be disturbed unless there is a

showing of abuse of discretion, procedural conduct prejudicial to the defendant, or

circumstances which manifest inherent unfairness.” Id. (citation, quotation marks,

and brackets omitted). Here, we are unable to identify any basis for determining that

the trial court’s imposition of the $1,000 fine against Defendant constituted an abuse

of discretion or was otherwise unlawful.

 We are also unpersuaded by Defendant’s argument that the trial court erred

by failing to consider her resources when it imposed the fine. The statute Defendant

cites for this proposition, N.C. Gen. Stat. § 15A-1362, states that “[i]n determining

the method of payment of a fine, the court should consider the burden that payment

will impose in view of the financial resources of the defendant.” N.C. Gen. Stat. §

15A-1362(a) (2015) (emphasis added). As its plain language indicates, this statute

relates to the method of payment of the fine rather than its amount.

 Finally, we reject Defendant’s argument that her fine violated the prohibition

on excessive fines under the Eighth Amendment to the United States Constitution or

Article 1, Section 27 of the North Carolina Constitution. “As the wording of the clause

[prohibiting excessive fines] under our North Carolina Constitution is identical to

that of the United States Constitution, our analysis is the same under both

 - 19 -
 STATE V. ZUBIENA

 Opinion of the Court

provisions.” Sanford Video & News, Inc., 146 N.C. App. at 557, 553 S.E.2d at 219. A

fine “violates the Excessive Fines Clause if it is grossly disproportional to the gravity

of a defendant’s offense.” Id. at 558, 553 S.E.2d at 219 (citation and quotation marks

omitted). We have previously held that a $50,000 fine was not grossly

disproportionate to the offense of distributing obscene materials. See id. at 559, 553

S.E.2d at 219.

 Here, given the relatively modest amount of the fine as compared with the

seriousness of the offense — strangulation of Defendant’s two-year-old daughter —

we have no difficulty concluding that the fine was not “grossly disproportional to the

gravity of [D]efendant’s offense . . . .” Id. at 558, 553 S.E.2d at 219 (emphasis omitted).

Accordingly, Defendant has failed to show that the fine imposed in this case was

unconstitutional.

 Conclusion

 For the reasons stated above, we affirm.

 AFFIRMED.

 Judge INMAN concurs.

 Judge ENOCHS dissents by separate opinion.

 - 20 -
 No. COA16-316 – State v. Zubiena

 ENOCHS, Judge, dissenting.

 Because I would find that Defendant failed to establish appellate jurisdiction,

I respectfully dissent from the majority opinion reaching the merits of Defendant’s

appeal.

 Defendant argues on appeal that the trial court erred by denying her post-

sentencing motion to withdraw her guilty plea. Defendant is correct as a general

proposition that

 [i]f at the time of sentencing, the judge for any reason
 determines to impose a sentence other than provided for in
 a plea arrangement between the parties, the judge must
 inform the defendant of that fact and inform the defendant
 that he may withdraw his plea. Upon withdrawal, the
 defendant is entitled to a continuance until the next
 session of court.

N.C. Gen. Stat. § 15A-1024 (2015).

 This Court has plainly and unambiguously held that “a defendant seeking

review of the trial court’s compliance with N.C. Gen. Stat. § 15A-1024 must obtain

grant of a writ of certiorari.” State v. Blount, 209 N.C. App. 340, 345, 703 S.E.2d 921,

925 (2011) (citation omitted and emphasis added). This is so because “a challenge to

the procedures followed in accepting a guilty plea does not fall within the scope of

N.C. Gen. Stat. § 15A-1444 (2003), specifying the grounds giving rise to an appeal as

of right. Defendants seeking appellate review of this issue must obtain grant of a

writ of certiorari.” State v. Carriker, 180 N.C. App. 470, 471, 637 S.E.2d 557, 558

(2006) (internal citation omitted and emphasis added).
 STATE V. ZUBIENA

 Enochs, J., dissenting

 Defendant’s appeal identifies no substantive challenge to the guilty plea she

sought to withdraw. Nor did Defendant’s counsel present any substantive argument

before the trial court. Because her appeal raises only a procedural issue, in the

absence of a writ of certiorari, this Court is without jurisdiction.

 “It is well-established that the issue of a court’s jurisdiction over a matter may

be raised at any time, even for the first time on appeal or by a court sua sponte.” State

v. Webber, 190 N.C. App. 649, 650, 660 S.E.2d 621, 622 (2008). Furthermore, it is

fundamental that “ ‘[i]n North Carolina, a defendant’s right to appeal in a criminal

proceeding is purely a creation of state statute’ ” State v. Tinney, 229 N.C. App. 616,

619, 748 S.E.2d 730, 733 (2013) (quoting State v. Pimental, 153 N.C. App. 69, 72, 568

S.E.2d 867, 869 (2002)). Here, Defendant has not filed a petition for writ of certiorari.

As a result, Defendant is not entitled to appellate review of the denial of her motion

to withdraw her post-sentencing guilty plea and, as such, her appeal must be

dismissed.

 In Carriker, a defendant charged with felony possession of cocaine entered into

a plea agreement in which she acquiesced to plead guilty to possession of drug

paraphernalia and, in turn, receive a suspended sentence and pay a fine and court

costs. Carriker, 180 N.C. App. at 470, 637 S.E.2d at 558. After pleading guilty,

however, the trial court sentenced her to forty-five days imprisonment, suspended

 2
 STATE V. ZUBIENA

 Enochs, J., dissenting

that sentence, and ordered her to surrender her nursing license. The defendant

moved to withdraw her guilty plea, and the trial court denied her motion. Id.

 On appeal, the defendant argued that the trial court erred in ordering her to

surrender her nursing license because that portion of her sentence was not

contemplated under the terms of her plea agreement, and further asserted that the

trial court compounded its error by denying her post-sentencing motion to withdraw

her guilty plea. Id. at 470-71, 637 S.E.2d at 558. The defendant, recognizing that

our caselaw unambiguously requires that a petition for writ of certiorari must be filed

when challenging the procedures followed in accepting a guilty plea under N.C. Gen.

Stat. § 15A-1024, correctly filed a petition for writ of certiorari contemporaneously

with her appeal. Id. at 471, 637 S.E.2d at 558.

 This Court went on to expressly hold that

 a challenge to the procedures followed in accepting a guilty
 plea does not fall within the scope of N.C. Gen. Stat. § 15A–
 1444 (2003), specifying the grounds giving rise to an appeal
 as of right. Defendants seeking appellate review of this
 issue must obtain grant of a writ of certiorari. Defendant
 here filed a petition with this Court for a writ of certiorari,
 and we hereby allow the petition. Thus, we will review the
 merits of her contentions.

Id. (internal citation and quotation marks omitted and emphasis added). Carriker

has been cited in subsequent cases by this Court including Blount, wherein we

reaffirmed our holding in Carriker by once more unambiguously providing that

“a challenge to the procedures followed in accepting a guilty plea does not come within

 3
 STATE V. ZUBIENA

 Enochs, J., dissenting

the scope of N.C. Gen. Stat. § 15A-1444 (2009), which specifies the grounds for

appeals as of right. State v. Carriker, 180 N.C. App. 470, 471, 637 S.E.2d 557, 558

(2006); State v. Rhodes, 163 N.C. App. 191, 193, 592 S.E.2d 731, 732 (2004).

Consequently, a defendant seeking review of the trial court's compliance with N.C.

Gen. Stat. § 15A-1024 “ ‘must obtain grant of a writ of certiorari.’ Carriker, 180 N.C.

App. at 471, 637 S.E.2d at 558.” Blount, 209 N.C. App. at 345, 703 S.E.2d at 925.

 Carriker’s holding is thus distinguishable from State v Dickens, 299 N.C. 76,

261 S.E.2d 183 (1980), cited to by Defendant and the majority. In that case, the

defendant’s appeal was predicated N.C. Gen. Stat. § 15A-1022 — which presents a

substantive legal issue concerning whether a proper factual basis existed to support

a defendant’s guilty plea. Id. at 82-83, 261 S.E.2d at 187. This is a wholly separate

and distinct ground for an appeal of a post-sentencing motion to withdraw a guilty

plea than one brought pursuant to on N.C. Gen. Stat. § 15A-1024 which, as in the

present case, deals with a procedural challenge involving the acceptance of a guilty

plea. Indeed, § 15A-1024 is not addressed, discussed, or even mentioned in passing

in Dickens given that the defendant’s arguments in that case were wholly based upon

his comprehension of his plea and whether a factual basis existed to support it rather

than the procedures involved with accepting it. See also State v. Salvetti, 202 N.C.

App. 18, 25, 687 S.E.2d 698, 703 (2010) (finding appeal as of right under 15A-1444(e)

for appeal concerning post-sentencing motion to withdraw guilty plea premised upon

 4
 STATE V. ZUBIENA

 Enochs, J., dissenting

N.C. Gen. Stat. § 15A-1022, but not discussing or addressing N.C. Gen. Stat. § 15A-

1024 as that statute was never in issue).

 Therefore, it is clear that Carriker, Blount, and Dickens are all in accord in

that Carriker and Blount mandate that a petition for writ of certiorari is required

when a procedural challenge is brought under § 15A-1444(e) — as “the procedures

followed in accepting a guilty plea do[ ] not fall within the scope of N.C. Gen. Stat. §

15A–1444[,]” Carriker, 180 N.C. App. at 471, 637 S.E.2d at 558 (internal citation and

quotation marks omitted and emphasis added) —, whereas a substantive legal

challenge brought under § 15A-1444(e) creates an appeal as of right, such as was the

case in Dickens where the defendant’s appeal was predicated on N.C. Gen. Stat. §

15A-1022. Defendant cannot establish appellate jurisdiction by attempting to

camouflage her appeal as a substantive legal challenge by citing to inapplicable

caselaw concerning separate and distinct statutory provisions where it is clear that

her appeal is plainly procedural in nature — indeed, Defendant does not argue

otherwise — and predicated upon a separate and distinct statute concerning

challenges to the procedures utilized by trial courts in denying post-sentencing

motions to withdraw guilty pleas. It is axiomatic that simply because a defendant

claims appellate jurisdiction exists by citing to certain statutes and caselaw, this does

not make it so. See State v. Sale, 232 N.C. App. 662, 664, 754 S.E.2d 474, 477 (2014)

(“Defendant purports to have a right to appeal the trial court’s imposition of a special

 5
 STATE V. ZUBIENA

 Enochs, J., dissenting

condition of probation pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a2)

(2013). However, neither statute confers a right to appeal here.”). To hold otherwise

would needlessly and unnecessarily create a conflict in our caselaw that simply does

not exist when Blount, Carriker, and Dickens are read carefully and in pari materia.

 Consequently, because Defendant’s attempted appeal is a procedural challenge

concerning the trial court’s acceptance of her post-sentencing motion to withdraw her

guilty plea under § 1024, and “a challenge to the procedures followed in accepting a

guilty plea does not fall within the scope of N.C. Gen. Stat. § 15A–1444 (2003),

specifying the grounds giving rise to an appeal as of right[,]” Carriker, 180 N.C. App.

at 471, 637 S.E.2d at 558 (internal citation and quotation marks omitted and

emphasis added), I would hold that her appeal must be dismissed in accord with the

clear and immutable precedents established by this Court.

 6