STATE OF NORTH CAROLINA v. CARLTON DALE WALL, Defendant

No. COA03-1276

(Filed 7 December 2004)

**Sentencing— motion to withdraw guilty plea—second sentence different from plea arrangement**

The trial court erred in an assault with a deadly weapon with intent to kill inflicting serious injury and possession of a firearm by a felon while being an habitual felon case by denying defendant's motion to withdraw his guilty plea during a second sentencing hearing where the trial court stated the error in the first sentencing hearing was the result of a clerical error, miscommunication, or something else, because; (1) the error in the first sentencing hearing was not merely clerical or administrative, and thus, defendant's second sentencing invalidated his previous sentence and does in fact constitute a "sentencing" under N.C.G.S. § 15A-1024; and (2) N.C.G.S. § 15A-1024 applies whenever the judge at the time of sentencing determines that a sentence different from that provided for in the plea arrangement must be imposed even if defendant receives a lighter sentence.

Appeal by defendant from judgment filed 13 November 2001 but dated and entered *nunc pro tunc* 2 March 2000 by Judge Lester P. Martin in Guilford County Superior Court. Heard in the Court of Appeals 9 June 2004.

*Attorney General Roy Cooper, by Special Deputy Attorney General Robert T. Hargett for the State.*

*Paul M. Green for the defendant-appellant.*

ELMORE, Judge.

I.

Defendant Carlton Dale Wall (defendant) appeared in Guilford County Superior Court before Judge Catherine C. Eagles on 19 April 1999. In this hearing (hereinafter first sentencing hearing) defendant faced charges of (1) assault with a deadly weapon with intent to kill inflicting serious injury, and (2) possession of a firearm by a felon while being an habitual felon. The first charge arose from an incident in which defendant allegedly struck his sister's boyfriend with a pipe

**STATE v. WALL**

[167 N.C. App. 312 (2004)]

on 14 July 1998. The second resulted from defendant's alleged possession of a pistol on 23 October 1998.

Defendant pled guilty to these charges pursuant to a plea agreement in which the State agreed to recommend consolidation of the charges such that defendant would receive a Class C sentence of 151 to 191 months imprisonment. The sentence was to begin running at the expiration of a previously imposed sentence. Defendant tendered an *Alford* plea, indicating that he was pleading guilty because he perceived it to be in his best interest but not admitting guilt. *See North Carolina v. Alford*, 40 U.S. 25, 27 L. Ed. 2d 162 (1970). The trial court accepted the plea and sentenced defendant to imprisonment for 151 to 191 months, which is the maximum allowable for a class C felony committed by a level V offender.

On 2 November 1999, the trial court granted defendant's *pro se* motion for appropriate relief (MAR), finding that defendant's prior record was level IV, not level V, and thus the agreed upon sentence was not allowed by law. The order also appointed defendant new counsel and ordered the case be placed on the calendar. The State asserts that this order was mistaken in finding defendant's prior record level to be IV rather than V.

In the subsequent hearing (hereinafter second sentencing hearing) before Judge Lester P. Martin in Guilford County Superior Court on 2 March 2000, defendant moved to withdraw his tendered guilty plea, arguing that his plea was no longer in effect. The State argued that defendant should simply be resentenced within the presumptive range for a level IV offender. The trial court denied defendant's motion, characterized the previous error as "clerical," and sentenced defendant to be imprisoned for 133 to 169 months, the maximum allowable for a level IV offender. Defendant gave notice of appeal at that time.

A series of other proceedings followed the second sentencing hearing. Both sides agree that the record of these proceedings contains various errors. During this time, defendant was appointed new counsel. For the reasons stated herein, we vacate the second sentence rendered and remand for further proceedings not inconsistent with this opinion.

II.

By his first assignment of error defendant contends that the trial court erred in denying his motion to withdraw his guilty plea.

Our standard of review for the right to withdraw a pre-sentence guilty plea is whether, after conducting an independent review of the record and considering the reasons given by the defendant and any prejudice to the State, it would be fair and just to allow the motion to withdraw. *State v. Handy*, 326 N.C. 532, 539, 391 S.E.2d 159, 163 (1990). However, when determining whether there was any proper reason for the trial court to have granted defendant's motion to withdraw his plea after a sentence is imposed, we look to the statutory provisions governing such a motion. Our General Assembly has created a clear right for a defendant to withdraw a plea at the time sentence is imposed if that sentence differs from that contained in the plea agreement:

> If at the time of sentencing, the judge for any reason determines to impose *a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea.* Upon a withdrawal, the defendant is entitled to a continuance until the next session of court.

N.C. Gen. Stat. § 15A-1024 (2003) (emphasis added).

Once a trial court decided to impose a different sentence, the trial court "should have (1) informed defendant of decision to impose a sentence other than that provided in the plea agreement, (2) informed him that he could withdraw his plea, and (3) if defendant chose to withdraw his plea, granted a continuance until the next session of court." *State v. Rhodes*, 163 N.C. App. 191, 195, 592 S.E.2d 731, 733 (2004).

In determining whether this statutory provision should have provided defendant relief in the case *sub judice*, we must determine (a.) whether the second sentencing hearing was in fact the "time of sentencing" described by the statute and (b.) whether the phrase "other than" applies to sentences that are less than that of the original plea bargain.

A. Time of Sentencing

Although the trial court in the second sentencing hearing stated that the error in the first sentencing was the result of "a clerical error, miscommunication, [or] something," it did not support this conclusion by any findings of fact or documentation of other competent evidence. Our independent review of the record indicates that the error

in the first sentencing was not merely clerical or administrative. As such, we conclude that defendant's second sentencing invalidating his previous sentence, does in fact constitute a "sentencing" under section 15A-1024.

This reading accords with the plain language of N.C. Gen. Stat. § 15A-1024 which affords the defendant certain rights "at the time of sentencing." To hold that this right did not apply in defendant's second sentencing hearing would require this Court to draw an unprecedented substantive distinction between a sentencing and a resentencing in the understanding of this statute.

This Court has recently held N.C. Gen. Stat. § 15A-1024 to apply when the trial court "reopened defendant's sentencing and *resentenced* him on the basis of information it received" after the first sentencing. *Rhodes*, 163 N.C. App. at 194, 592 S.E.2d 731 at 733 (2004) (emphasis added). While *Rhodes* involved an increase rather than a decrease in the defendant's sentence and the resentencing came from the trial court *sua sponte* rather than upon a motion from the defendant, it still makes clear that in the process of plea bargaining, a defendant retains the rights conferred under section 15A-1024 in a subsequent sentencing hearing.

The State cites *State v. Harris* to argue that the case *sub judice* involves mere administrative error, which would not enable a defendant to withdraw a plea after he has had the benefit of the bargain in negotiating his plea. *State v. Harris*, 115 N.C. App. 42, 444 S.E.2d 226 (1994). That decision does not control the case at bar. *Harris* addressed the consolidation of several offenses for the purposes of sentencing, and the Court's opinion does not mention N.C. Gen. Stat. § 15A-1024. In *Harris*, the defendant had received a 14 year sentence "for all of the consolidated offenses in one of the judgments." *Id.* at 46, 444 S.E.2d at 228. Subsequently, the trial court, upon defendant's motion, removed one of the judgments "from the consolidated offenses and imposed the same fourteen year sentence with one less offense." *Id.* The crime removed was habitual felon status, which itself would not have supported a criminal sentence, and its original inclusion was characterized by this court as merely an "administrative error." *Id.* at 50, 444 S.E.2d at 230. The essence of *Harris* is that a trial court is not statutorily prohibited under N.C. Gen. Stat. § 15A-1334 from "correcting the way in which it consolidated offenses during a sentencing hearing prior to remand." *Id.* at 46-47, 444 S.E.2d at 228.

The clerical nature of the mistake in *Harris* is emphasized by the fact that the sentence itself remained the same. Accordingly, *Harris* is inapplicable when the error is not clearly administrative or clerical but in fact speaks to a basic material term of the plea agreement or to "the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel." *Brady v. United States*, 397 U.S. 742, 755, 25 L. Ed. 2d 747, 760 (1970) (citations omitted).

Because the trial court in granting defendant's MAR had indicated that the first sentence imposed was not legally valid and the error that gave rise to granting that MAR was not merely clerical or administrative, we hold that the second sentencing hearing was in fact a "sentencing" covered by N.C. Gen. Stat. 15A-1024.

### B.  Other Than Provided for in the Plea Agreement

Underlying the State's argument appears to be the assumption that there is no right to withdraw a plea when it results in a sentence that is more beneficial to the defendant than what was provided for in the plea agreement. This argument, however, contradicts the plain language of N.C. Gen. Stat. § 15A-1024, which gives a defendant the right to withdraw his plea if the trial court "determines to impose a sentence *other than* provided for in the plea arrangement." N.C. Gen. Stat. § 15A-1024 (2003) (emphasis added). Quite simply, a sentence of 133 to 169 months imprisonment is "a sentence other than" 151 to 191 months imprisonment. Where a statute is clear and unambiguous, the court must give the statute its plain meaning free of any judicial limitation or other additional construction. *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754 (1974); *see also State v. Williams*, 291 N.C. 442, 230 S.E.2d 515 (1976).

To determine that there is no right to withdraw a plea when the sentence imposed is less strict than that pled for is to read "other than" as meaning "more punitive," "stricter," or "more severe than." Such is the type of judicial improvisation directly prohibited by the case of *State v. Camp*, 286 N.C. 148, 209 S.E.2d 754 (1974). Furthermore, the Official Commentary accompanying this section of the General Statutes actually indicates that a legislative committee considered and rejected the phrase "more severe than" and instead amended the statute "to apply if there is *any* . *change at all* concerning the substance." N.C. Gen. Stat. § 15A-1024 (2003) (emphasis added).

There is no precedent for reading this statute to treat "other than" as meaning "more severe than." To the contrary, our Supreme Court has held that section 15A-1024 applies whenever the judge "at the time of sentencing determines that a sentence *different from* that provided for in the plea arrangement must be imposed." *Williams*, 291 N.C. at 446, 230 S.E.2d at 517-18 (1976) (emphasis added).

In *State v. Russell*, a case cited by the State, the defendant was not permitted to withdraw his plea because the defendant's sentence was "consistent with" his plea bargain. 153 N.C. App. 508, 509, 570 S.E.2d 245, 247 (2002). *Russell*, however, involved a defendant whose guilty plea contained an agreement that if he failed to testify against a co-defendant, the State could then declare the plea bargain null and void and pray for judgment on the guilty plea. Such facts are distinguishable from the case *sub judice* wherein the agreement was not contingent upon any further action by defendant, and it is therefore not appropriate here to employ a *Russell* inquiry into the "consistency" or "inconsistency" of the plea and the sentence in this case.

Although it is difficult to understand why a defendant would prefer to withdraw a guilty plea when he has received a lighter sentence than he bargained for, the statute does not remove the defendant's right to reconsider nevertheless. Defendants often make such decisions based upon the sentence which they are told they will receive, based upon the calculation of their prior record and the severity of the charge. When his or her prior record level is not in fact as high as a defendant is told at the time of the plea, it is not unreasonable that upon learning this, a defendant who claims innocence but pleads for self-interest may change his or her mind. Our General Statutes allow defendants that prerogative.

The record reveals that the trial court in this case, upon imposing a sentence other than the one agreed to in the plea agreement, did not inform defendant that he could withdraw his plea and that if he did withdraw that plea he could reschedule until the next court calendar. We remand for the trial court to do so in accord with the statute, and for further proceedings not inconsistent with this opinion.

### III.

Because we find the first issue to be dispositive, we do not address defendant's other two assignments of error.

Vacated and remanded.

Judges McGEE and McCULLOUGH concur.