STATE OF NORTH CAROLINA v. DARLA SWARINGEN CARRIKER, Defendant

No. COA06-60

(Filed 5 December 2006)

**1. Appeal and Error— guilty plea—appellate review**

Appellate review of the procedures followed in accepting a guilty plea falls outside N.C.G.S. § 15A-1444, which specifies the grounds for an appeal of right. A writ of certiorari is required.

**2. Sentencing— variance from plea bargain—right to withdraw agreement**

A guilty plea was vacated and remanded where the judge failed to inform a defendant of her right to withdraw her plea after deciding to impose a sentence other than as indicated in the plea agreement. Defendant's request came the day after sentencing and involved a fair and just reason (the differing sentence). N.C.G.S. § 15A-1024.

Appeal by defendant from judgment entered 4 May 2005 by Judge. Susan C. Taylor in the Superior Court in Stanly County. Heard in the Court of Appeals 11 October 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Janette Soles Nelson, for the State.*

*Eric A. Bach, for defendant-appellant.*

Hudson, Judge.

On 4 April 2005, the State indicted defendant for felony possession of cocaine. On 4 May 2005, defendant pled guilty to possession of drug paraphernalia. The plea agreement stated that she would receive a suspended sentence and pay a fine and costs. The agreement did not include surrender of defendant's nursing license. The court sentenced defendant to a forty-five days, suspended for thirty-six months, and ordered defendant to surrender her nursing license. Defendant moved to withdraw her guilty plea, which motion the court denied. Defendant appeals. As discussed below, we vacate and remand.

Defendant argues that the court erred in ordering her to surrender her nursing license when she entered a guilty plea to possessing

drug paraphernalia, when such surrender was not part of the plea agreement. We agree.

[1] N.C. Gen. Stat. § 15A-1024 (2006) provides:

> If at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea. Upon withdrawal, the defendant is entitled to a continuance until the next session of court.

We begin by noting that "a challenge to the procedures followed in accepting a guilty plea does not fall within the scope of N.C. Gen. Stat. § 15A-1444 (2003), specifying the grounds giving rise to an appeal as of right." *State v. Rhodes,*. 163 N.C. App. 191, 193, 592 S.E.2d 731, 732 (2004). Defendants seeking appellate review of this issue must obtain grant of a writ of certiorari. *Id.* Defendant here filed a petition with this Court for a writ of certiorari, and we hereby allow the petition. Thus, we will review the merits of her contentions.

[2] N.C. Gen. Stat. § 15A-1024 applies when:

> the trial judge does not reject a plea arrangement when it is presented to him but hears the evidence and at the time for sentencing determines that a sentence different from that provided for in the plea arrangement must be imposed. *Under the express provisions of this statute a defendant is entitled to withdraw his plea and as a matter of right have his case continued until the next term.*

*State v. Williams,* 291 N.C. 442, 446-47, 230 S.E.2d 515, 517-18 (1976) (emphasis in original). Where a court fails to inform a defendant of her right to withdraw a guilty plea pursuant to N.C. Gen. Stat. § 15A-1024, the sentence must be vacated and the case remanded for re-sentencing. *Rhodes,* 163 N.C. App. at 195, 592 S.E.2d at 733. Here, the transcript shows that the court failed to inform defendant of her right to withdraw her plea after determining to impose a sentence other than as provided in the plea arrangement. Because the trial judge failed to follow the procedure required by N.C. Gen. Stat. § 15A-1024, we vacate and remand to the trial court for proceedings consistent with the statute.

Because we vacate defendant's sentence on this ground, we need not address defendant's other argument.

STATE v. CARRIKER

[180 N.C. App. 470 (2006)]

The State contends that a request to withdraw a guilty plea made after sentencing "should be granted only to avoid manifest injustice," citing *State v. Handy*, 326 N.C. 532, 539, 391 S.E.2d 159, 163 (1990). However, in *Handy*, our Supreme Court actually held that, where the delay in moving to withdraw comes within a day, the motion is "prompt and timely" and "should have been allowed if [defendant] proffered any fair and just reason for the motion." *Id.* at 540, 391 S.E.2d at 163. Here, as in *Handy*, defendant moved to withdraw her plea the day after sentencing, and she should have been allowed since she proffered a fair and just reason, namely that the sentence she received differed from that specified in her plea agreement.

Vacated and remanded.

Judges HUNTER and CALABRIA concur.