DAVIS, Judge.
*477 Ashley Meredith Zubiena ("Defendant") appeals from her conviction for assault by strangulation. On appeal, she contends that the trial *478 court erred in (1) denying her post-sentencing motion to withdraw her guilty plea; and (2) ordering her to pay a $1,000 fine as part of her sentence. After careful review, we affirm.
Factual and Procedural Background
On 30 October 2015, a bill of information was filed charging Defendant with assault by strangulation of her two-year-old daughter.[1] Defendant subsequently entered into a plea agreement with the State, which was set forth in a transcript of plea. The "Plea Arrangement" section of that document provided as follows:
Defendant shall plead guilty to one count of assault by strangulation. Pursuant to plea, the State shall dismiss the remaining *43 charges delineated hereafter in this transcript.
Parties stipulate Defendant is a level III for felony sentencing with 6 points.
On 2 November 2015, a plea hearing was held before the Honorable William H. Coward in Buncombe County Superior Court. At the hearing, the trial court conducted a plea colloquy pursuant to N.C. Gen. Stat. § 15A-1022, which included the following:
THE COURT: All right. Miss Zubiena, have the charges been explained to you by your lawyer, and do you understand the nature of the charges, and do you understand every element of each charge?
THE DEFENDANT: Yes, sir.
THE COURT: Have you and your lawyer discussed the possible defenses, if any, to the charges?
THE DEFENDANT: Yes, sir.
THE COURT: Are you satisfied with your lawyer's legal services?
THE DEFENDANT: Yes, your Honor.
....
THE COURT: Do you understand that you're pleading guilty to the charge of assault by strangulation which *479 occurred on May 22, 2014 which is a Class H felony for which the maximum punishment is 39 months?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you now personally plead guilty to the charge that I just described?
THE DEFENDANT: Yes, your Honor.
THE COURT: Are you, in fact, guilty?
THE DEFENDANT: Yes, your Honor.
....
THE COURT: You understand that the Courts have approved the practice of plea arrangements, and you can discuss your plea arrangement with me without fearing my disapproval?
THE DEFENDANT: Yes, your Honor.
THE COURT: Have you agreed to plead guilty as part of a plea arrangement?
THE DEFENDANT: Yes, your Honor.
THE COURT: The Prosecutor and your lawyer have informed the Court these are all the terms and conditions of your plea. Defendant shall plead guilty to one count of assault by strangulation. Pursuant to plea, the State shall dismiss the remaining charges delineated hereafter in this transcript. Parties stipulate that Defendant is a Level Three for felony sentencing with six points. Charges to be dismissed are misdemeanor child abuse and driving while license revoked not impaired revocation. So is the plea arrangement as set forth within this transcript and as I've just described it to you correct as being your full plea arrangement?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you now personally accept this arrangement?
THE DEFENDANT: Yes, your Honor.
THE COURT: Other than the plea arrangement has anyone promised you anything or has anyone threatened *480 you in any way to cause you to enter this plea against your wishes?
THE DEFENDANT: No, your Honor.
THE COURT: Do you enter this plea of your own free will, fully understanding what you're doing?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you agree that there are facts to support your plea and do you consent to the Court hearing a summary of the evidence?
THE DEFENDANT: Yes, your Honor.
THE COURT: All right. Miss Zubiena, do you have any questions about what I've just said to you or about anything else connected to your case?
THE DEFENDANT: No, your Honor.
(Emphasis added.)
After conducting a sentencing hearing, the trial court sentenced Defendant to 10-21 months imprisonment, suspended the sentence, placed her on 36 months supervised probation, imposed as special probation a five-month active term of imprisonment, and imposed a $1,000 fine. Defendant was also ordered to pay court costs and miscellaneous fees.
*44 After the trial court announced its sentence in open court, the following exchange took place:
[DEFENSE COUNSEL]: Your Honor, the client would motion to strike her plea.
THE COURT: Denied. You have any grounds? You don't like the sentence?
[DEFENSE COUNSEL]: We like [sic] to take it to trial.
THE COURT: I don't think that's a grounds [sic] for striking a plea.
[DEFENSE COUNSEL]: Yes, sir.
Defendant gave timely notice of appeal.
*481 Analysis
Defendant makes two arguments on appeal. First, she argues that the trial court erred in denying her motion to withdraw her guilty plea given that the plea agreement and plea colloquy contained no indication that a fine could be imposed as part of her punishment. Second, she contends that the fine violated the excessive fines clauses of the federal and state constitutions or, in the alternative, that the trial court abused its discretion in imposing the fine.
I. Appellate Jurisdiction
We must first determine whether this Court has jurisdiction to hear Defendant's appeal. N.C. Gen. Stat. § 15A-1444(e) provides, in pertinent part, the following:
Except as provided in subsections (a1) and (a2) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied , the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari .
N.C. Gen. Stat. § 15A-1444(e) (2015) (emphasis added). Our Supreme Court has explained that this portion of N.C. Gen. Stat. § 15A-1444(e) means "that when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court." State v. Dickens , 299 N.C. 76, 79, 261 S.E.2d 183, 185 (1980).
In Dickens , the defendant pled guilty to various charges and was sentenced to a term of imprisonment. On the following day, he moved to withdraw his guilty pleas on the ground that his attorney had told him that he would receive a punishment consisting solely of restitution rather than a prison sentence. The trial court denied the motion, and the defendant appealed. Id . at 77, 261 S.E.2d at 184.
The Supreme Court held that the defendant was "entitled to appeal as a matter of right since his motion to withdraw his pleas of guilty, made during the term and on the day following pronouncement of judgment, was denied." Id. at 79, 261 S.E.2d at 185. Dickens has not been overturned by the Supreme Court and is thus binding on our Court. See *482 Mahoney v. Ronnie's Rd. Serv. , 122 N.C.App. 150, 153, 468 S.E.2d 279, 281 (1996) ("[I]t is elementary that we are bound by the rulings of our Supreme Court."), aff'd per curiam , 345 N.C. 631, 481 S.E.2d 85 (1997). Moreover, the General Assembly has not subsequently revised the relevant portion of N.C. Gen. Stat. § 15A-1444 upon which Dickens relied.
The present case is analytically indistinguishable from Dickens . Here too Defendant pled guilty, was sentenced, unsuccessfully moved to withdraw her guilty plea, and argued on appeal that the sentence imposed was different from that contained in her plea agreement. Therefore, as in Dickens , Defendant has an appeal as of right to this Court pursuant to N.C. Gen. Stat. § 15A-1444(e) to challenge the denial of her motion to withdraw her guilty plea. See Dickens , 299 N.C. at 79, 261 S.E.2d at 185.
Our dissenting colleague reaches a different conclusion, relying principally on this Court's decision in State v. Carriker , 180 N.C.App. 470, 637 S.E.2d 557 (2006), for the proposition that Defendant was required to file a petition for certiorari in order to appeal the denial of her motion to withdraw her *45 guilty plea.[2] In Carriker , the defendant entered into a plea agreement that stated she would receive a suspended sentence and pay a fine and court costs. She pled guilty, was given a suspended sentence, and was also ordered to surrender her nursing license. She then moved to withdraw her guilty plea on the ground that her plea agreement had not mentioned the surrender of her nursing license. The trial court denied the motion, and she appealed. Id. at 470, 637 S.E.2d at 558.
On appeal, this Court stated the following with regard to its jurisdiction to hear the appeal:
We begin by noting that "a challenge to the procedures followed in accepting a guilty plea does not fall within the scope of N.C. Gen. Stat. § 15A-1444 (2003), specifying the grounds giving rise to an appeal as of right." State v. Rhodes , 163 N.C.App. 191, 193, 592 S.E.2d 731, 732 (2004). Defendants seeking appellate review of this issue must obtain grant of a writ of certiorari .
Id. at 471, 637 S.E.2d at 558. We then proceeded to address the merits of the appeal after noting that the defendant had, in fact, filed a petition for certiorari . Id.
*483 Carriker failed to acknowledge Dickens and instead relied upon our prior decision in Rhodes . However, Rhodes did not involve a defendant who had moved to withdraw his guilty plea in the trial court. In Rhodes , the defendant entered into a plea agreement providing that he would be sentenced in the intermediate range. Rhodes , 163 N.C.App. at 192, 592 S.E.2d at 732. The trial court accepted his plea and imposed a suspended sentence. After a recess, the trial court reopened the case sua sponte based on new information and proceeded to resentence the defendant to an active term of imprisonment. The defendant did not move to withdraw his guilty plea in the trial court but nevertheless filed an appeal based, in part, on his contention that the court had imposed a sentence that was inconsistent with his plea agreement when it resentenced him. Id . at 192-94, 592 S.E.2d at 732-33.
The State argued on appeal that the defendant was not entitled to an appeal as of right and was instead required to petition for a writ of certiorari . We agreed with the State's argument but elected to treat Defendant's appeal as a certiorari petition. Id. at 193, 592 S.E.2d at 732.
In analyzing the jurisdictional issue in Rhodes , we cited State v. Bolinger , 320 N.C. 596, 359 S.E.2d 459 (1987). In Bolinger , after pleading guilty and being sentenced by the trial court, the defendant did not move to withdraw his guilty plea. On appeal, however, one of his arguments was that the trial court erred in accepting his guilty plea because it did not make a proper determination that he had knowingly pled guilty. The Supreme Court held that the defendant was not entitled to an appeal as of right on this issue because none of the grounds set out in N.C. Gen. Stat. § 15A-1444 providing for an appeal as of right were applicable. In so holding, the Supreme Court expressly noted that the "defendant has made no motion to withdraw the plea ." Id. at 601, 359 S.E.2d at 462 (emphasis added).
Similarly, the defendant in State v. Blount , 209 N.C.App. 340, 703 S.E.2d 921 (2011) -a case that is relied upon by the dissent-never moved to withdraw his guilty plea in the trial court. The defendant in Blount argued on appeal that the trial court erred in imposing a sentence that differed from the sentence specified in his plea agreement. We explained that because no provision of N.C. Gen. Stat. § 15A-1444 provided him with an appeal as of right on that issue, he was required to-and did-petition for a writ of certiorari . Id. at 345, 703 S.E.2d at 925.
Thus, unlike the present case and Dickens , the defendants in Bolinger , Rhodes , and Blount never made a motion in the trial court to withdraw their guilty pleas. For this reason, those defendants were *484 required to file a petition for a writ of certiorari because they lacked an appeal as of right under N.C. Gen. Stat. § 15A-1444(e). Conversely, where a defendant does move to withdraw her *46 guilty plea in the trial court, she has an appeal as of right pursuant to N.C. Gen. Stat. § 15A-1444(e). See Dickens , 299 N.C. at 79, 261 S.E.2d at 185.
Notably, the dissent fails to differentiate between those cases where the defendant actually moved to withdraw a guilty plea in the trial court and those in which the defendant did not. Yet that question is crucial for jurisdictional purposes, as N.C. Gen. Stat. § 15A-1444(e) -by its express terms-provides an appeal as of right "when a motion to withdraw a plea of guilty or no contest has been denied ...." N.C. Gen. Stat. § 15A-1444(e) (emphasis added). Carriker appears to be the only reported case in which a North Carolina court has stated that a petition for certiorari was necessary for appellate review even where the defendant made a timely motion to withdraw his guilty plea in the trial court. In asserting this proposition, however, Carriker is in direct conflict with Dickens .
State v. Shropshire , 210 N.C.App. 478, 708 S.E.2d 181, disc. review denied , 365 N.C. 204, 710 S.E.2d 28 (2011), serves as an example of our Court properly following Dickens . In Shropshire , the defendant pled guilty pursuant to a plea agreement and was sentenced to a term of imprisonment. After his sentence was announced, the defendant immediately moved to withdraw his guilty plea. The trial court denied the motion, and the defendant gave notice of appeal. Id. at 479-80, 708 S.E.2d at 182. On appeal, we explained that
[a]lthough Shropshire pled guilty in the trial court, Shropshire may properly appeal to this Court pursuant to N.C. Gen. Stat. § 15A-1444(e) (2009) ("[E]xcept when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court.") and State v. Dickens , 299 N.C. 76, 79, 261 S.E.2d 183, 185 (1980) ("[W]hen a motion to withdraw a plea of guilty or no contest has been denied, the defendant is entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court.").
Id. at 480 n.2, 708 S.E.2d at 182 n.2.
*485 The dissent attempts to distinguish Dickens from the present case by asserting that Dickens "present[ed] a substantive legal issue concerning whether a proper factual basis existed to support a defendant's guilty plea" whereas the present appeal deals with "a procedural challenge involving the acceptance of a guilty plea." In actuality, however, although the Supreme Court in Dickens briefly addressed whether a factual basis for the defendant's pleas existed, the Court explicitly stated that the "defendant's motion to withdraw his pleas of guilty is based on his assertion that he was told by his attorney ... that he would be allowed to make restitution in lieu of a prison sentence[,]" yet the trial court nevertheless imposed a prison sentence. Dickens , 299 N.C. at 83, 261 S.E.2d at 187.
Thus, the principal issue in Dickens was not whether a factual basis existed to support the plea but rather whether the defendant received the sentence he thought had been agreed to as part of his guilty plea, which is the same issue Defendant raises here. Therefore, we cannot agree with the dissent's attempt to distinguish Dickens from the present case based on a "procedural" versus "substantive" distinction. Neither Dickens nor the statute recognize such a distinction for purposes of determining whether a defendant has an appeal as of right under N.C. Gen. Stat. § 15A-1444(e) from the denial of a motion to withdraw a plea after sentencing.
Accordingly, because we are bound by the Supreme Court's decision in Dickens , we conclude that Defendant has a direct right of appeal pursuant to N.C. Gen. Stat. § 15A-1444(e). Under the circumstances presented here, the language from Carriker relied upon by the dissent is in conflict with Dickens and therefore does not control. See Employment Staffing Grp., Inc. v. Little , --- N.C. App. ----, ---- n.3, 777 S.E.2d 309, 313 n.3 (2015) ("[W]here there is a conflict between an opinion from this Court and one from our Supreme Court, we are bound to follow the Supreme Court's opinion.").
*47 II. Denial of Motion to Withdraw Guilty Plea
We now turn to the merits of Defendant's appeal. Her primary argument is that the trial court's denial of her motion to withdraw her guilty plea constituted error because she was given a sentence that was inconsistent with her plea agreement. This argument is based on the fact that although the plea agreement and plea colloquy were silent as to the possibility of a fine, the trial court nevertheless imposed a $1,000 fine as a part of her sentence.
*486 Pursuant to N.C. Gen. Stat. § 15A-1024,
[i]f at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea. Upon withdrawal, the defendant is entitled to a continuance until the next session of court.
N.C. Gen. Stat. § 15A-1024 (2015).
Thus, if the sentence imposed by a court is "other than provided for in" the defendant's plea agreement, "[u]nder the express provisions of [ N.C. Gen. Stat. § 15A-1024 ] a defendant is entitled to withdraw his plea and as a matter of right have his case continued until the next term." State v. Williams , 291 N.C. 442, 446-47, 230 S.E.2d 515, 518 (1976) (emphasis omitted); see also State v. Wall , 167 N.C.App. 312, 314, 605 S.E.2d 205, 207 (2004) ("Our General Assembly has created a clear right for a defendant to withdraw a plea at the time sentence is imposed if that sentence differs from that contained in the plea agreement[.]"). If, conversely, "the sentence imposed is consistent with the plea agreement, the defendant is entitled to withdraw his plea upon a showing of manifest injustice." State v. Russell , 153 N.C.App. 508, 509, 570 S.E.2d 245, 247 (2002) (citation omitted and emphasis added).
Accordingly, we must first determine whether the sentence imposed in this case was inconsistent with Defendant's plea agreement. The applicable section of the transcript of plea states as follows:
Defendant shall plead guilty to one count of assault by strangulation. Pursuant to plea, the State shall dismiss the remaining charges delineated hereafter in this transcript.
Parties stipulate Defendant is a level III for felony sentencing with 6 points.
Thus, the plea agreement specified only three things: (1) the crime to which Defendant would plead guilty; (2) the charges that would be dismissed; and (3) Defendant's prior record level and number of prior record points for sentencing purposes. During the plea colloquy, Defendant confirmed in open court that these provisions constituted her "full plea agreement." While the transcript of plea and the plea colloquy reflected the fact that the statutory maximum term of imprisonment for assault by strangulation is 39 months, it is clear that her plea agreement did not contain specific terms regarding her sentence.
*487 As such, this case is distinguishable from Carriker . There, the plea agreement stipulated that the defendant "would receive a suspended sentence and pay a fine and costs." Carriker , 180 N.C.App. at 470, 637 S.E.2d at 558. Given that the plea agreement in Carriker specified the punishments that the defendant would receive, the fact that the trial court's actual sentence included an additional punishment-surrender of her nursing license-rendered it inconsistent with the plea agreement and, therefore, subject to N.C. Gen. Stat. § 15A-1024. Id . at 471, 637 S.E.2d at 558.
Similarly, in other cases in which our appellate courts have granted relief to defendants pursuant to N.C. Gen Stat. § 15A-1024, the sentence imposed was different than that agreed to in the defendant's plea agreement. See, e.g., State v. Puckett , 299 N.C. 727, 730, 264 S.E.2d 96, 98 (1980) (while plea agreement stipulated that defendant's convictions would be consolidated for sentencing purposes, trial court declined to consolidate convictions and instead imposed consecutive sentences); Wall , 167 N.C.App. at 317, 605 S.E.2d at 209 (trial court imposed sentence different than that set forth in plea agreement); Rhodes , 163 N.C.App. at 195, 592 S.E.2d at 733 (trial court imposed longer *48 prison sentence than that provided for in plea agreement).
In the present case, however, we cannot conclude that the trial court "impose[d] a sentence other than provided for in [the] plea arrangement," N.C. Gen Stat. § 15A-1024, given that Defendant's plea agreement did not specify a sentence at all. Accordingly, Defendant is not entitled to relief under N.C. Gen Stat. § 15A-1024.
Having determined that Defendant's sentence was not inconsistent with her plea agreement, we must next consider whether it was manifestly unjust for the trial court to deny her motion to withdraw her guilty plea. See Russell , 153 N.C.App. at 509, 570 S.E.2d at 247 ("If the sentence imposed is consistent with the plea agreement, the defendant is entitled to withdraw his plea upon a showing of manifest injustice." (citation omitted)). "Factors to be considered in determining the existence of manifest injustice include whether: defendant was represented by competent counsel; defendant is asserting innocence; and defendant's plea was made knowingly and voluntarily or was the result of misunderstanding, haste, coercion, or confusion." Shropshire , 210 N.C.App. at 481, 708 S.E.2d at 183 (citation, quotation marks, and brackets omitted).
Initially, we observe that Defendant provided no specific reason to the trial court in support of her motion to withdraw her plea. Upon the trial court's inquiry as to the grounds for her motion, Defendant's *488 counsel simply stated: "We like [sic] to take it to trial." When the trial court then indicated that it did not think this was a sufficient reason to withdraw a guilty plea, Defendant's counsel once again failed to articulate a specific ground.
With regard to the above-quoted factors from Shropshire, Defendant does not argue that she (1) received ineffective assistance of counsel; (2) was innocent; or (3) pled guilty involuntarily or due to haste, coercion, or confusion. Defendant has failed to persuade us that the trial court's refusal to allow her to withdraw her plea was manifestly unjust simply because she was not made aware at the time she entered her plea that she could be subject to a fine. Indeed, we have previously observed that N.C. Gen. Stat. § 15A-1022(a) -the statute setting forth the steps a trial court must take to ensure that a defendant's decision to plead guilty is the result of an informed choice-"contains no provision requiring a defendant to be informed of any potential fines prior to acceptance of a guilty plea." State v. Bozeman , 115 N.C.App. 658, 663, 446 S.E.2d 140, 144 (1994).
It is likewise clear that mere dissatisfaction with one's sentence does not give rise to manifest injustice in this context. See Shropshire , 210 N.C.App. at 481, 708 S.E.2d at 183 (holding there was no manifest injustice where it was apparent that the "only reason for moving to withdraw [the defendant's] plea was his dissatisfaction with his sentence").
Accordingly, we conclude that Defendant has failed to meet her burden of showing that the trial court violated N.C. Gen. Stat. § 15A-1024 or that it was manifestly unjust for the trial court to deny her motion to withdraw her guilty plea. Therefore, we affirm the trial court's denial of her motion.
III. Legality of Fine
Plaintiff's final argument is that the imposition of a $1,000 fine in this case constituted an abuse of discretion or, alternatively, a violation of the federal and state constitutions. We disagree.
N.C. Gen. Stat. § 15A-1361 provides that "[a] person who has been convicted of a criminal offense may be ordered to pay a fine as provided by law." N.C. Gen. Stat. § 15A-1361 (2015). "Any judgment that includes a sentence of imprisonment may also include a fine. ... Unless otherwise provided, the amount of the fine is in the discretion of the court." N.C. Gen. Stat. § 15A-1340.17 (2015). There is no statutory provision that specifically addresses the amount of a fine that may be imposed upon a conviction for assault by strangulation. Accordingly, the amount of the fine is left to the trial court's discretion. See id.
*49 *489 In exercising its discretion to impose a fine, a "trial court must take into account the nature of the crime, the level of the offense, and the aggravating and mitigating factors, just as it would in setting the length of imprisonment for a defendant." State v. Sanford Video & News, Inc ., 146 N.C.App. 554, 557, 553 S.E.2d 217, 218 (2001), disc. review denied , 355 N.C. 221, 560 S.E.2d 359 (2002). It is well established that "trial judges have broad discretion in determining the proper punishment for crime, and ... their judgment will not be disturbed unless there is a showing of abuse of discretion, procedural conduct prejudicial to the defendant, or circumstances which manifest inherent unfairness." Id . (citation, quotation marks, and brackets omitted). Here, we are unable to identify any basis for determining that the trial court's imposition of the $1,000 fine against Defendant constituted an abuse of discretion or was otherwise unlawful.
We are also unpersuaded by Defendant's argument that the trial court erred by failing to consider her resources when it imposed the fine. The statute Defendant cites for this proposition, N.C. Gen. Stat. § 15A-1362, states that "[i]n determining the method of payment of a fine, the court should consider the burden that payment will impose in view of the financial resources of the defendant." N.C. Gen. Stat. § 15A-1362(a) (2015) (emphasis added). As its plain language indicates, this statute relates to the method of payment of the fine rather than its amount.
Finally, we reject Defendant's argument that her fine violated the prohibition on excessive fines under the Eighth Amendment to the United States Constitution or Article 1, Section 27 of the North Carolina Constitution. "As the wording of the clause [prohibiting excessive fines] under our North Carolina Constitution is identical to that of the United States Constitution, our analysis is the same under both provisions." Sanford Video & News, Inc ., 146 N.C.App. at 557, 553 S.E.2d at 219. A fine "violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." Id. at 558, 553 S.E.2d at 219 (citation and quotation marks omitted). We have previously held that a $50,000 fine was not grossly disproportionate to the offense of distributing obscene materials. See id. at 559, 553 S.E.2d at 219.
Here, given the relatively modest amount of the fine as compared with the seriousness of the offense-strangulation of Defendant's two-year-old daughter-we have no difficulty concluding that the fine was not "grossly disproportional to the gravity of [D]efendant's offense...." Id. at 558, 553 S.E.2d at 219 (emphasis omitted). Accordingly, Defendant has failed to show that the fine imposed in this case was unconstitutional.
*490 Conclusion
For the reasons stated above, we affirm.
AFFIRMED.
Judge INMAN concurs.
Judge ENOCHS dissents by separate opinion.

Although not all of the pertinent charging documents are included in the record, it appears from the transcript of plea that Defendant was also charged with misdemeanor child abuse and driving with a revoked drivers' license.

We note that the State has not asserted that Defendant lacks an appeal as of right or that this Court otherwise lacks jurisdiction.