DILLON, Judge.
 

 *246
 

 *652
 
 Defendant Boyd Douglas Marsh appeals the trial court's denial of his motion to withdraw his guilty plea. Alternatively, he appeals the sentence imposed by the trial court, alleging that it was inconsistent with the sentence outlined in his plea agreement with the State. After careful review, we vacate the trial court's judgment and remand for further proceedings.
 

 I. Background
 

 Defendant was charged with multiple counts of rape, kidnapping, and a number of related offenses, involving multiple victims and occurring between 1998 and 2015. In March 2017, Defendant was tried by a jury.
 

 *653
 
 On the third day of trial, Defendant negotiated a plea agreement with the State whereby he pleaded guilty to a number of offenses. Based on the plea agreement, Defendant would receive a single, consolidated active sentence of two hundred ninety (290) to four hundred eight (408) months imprisonment.
 

 Over the next four weeks, and prior to sentencing, Defendant wrote two letters to the trial court. In them, he proclaimed his innocence to some of the charges and suggested his desire to withdraw from his plea agreement. The trial court acknowledged receipt of the letters and forwarded them to Defendant's attorney.
 

 Several months later, in November 2017, Defendant appeared before the trial court for sentencing. During the hearing, he formally moved to withdraw his guilty plea. The trial court denied Defendant's motion. The trial court, then, proceeded with sentencing. Though the plea agreement called for a single, consolidated judgment imposing a single sentence, the trial court entered
 
 two
 
 judgments, one for the 2015 offenses and one for the 1998 offenses, based on the fact that the sentencing grid in use in 1998 was different from the grid in use in 2015. Specifically, the trial court entered a judgment, sentencing Defendant to a term of two hundred ninety (290) to four hundred eight (408) months for the 2015 offenses, a sentence which matched the sentence Defendant agreed to in his plea agreement with the State. And for the 1998 offenses, the trial court entered a separate judgment with a slightly shorter sentence of two hundred eighty-eight (288) to three hundred fifty-five (355) months imprisonment. The trial court did, though, order that the two sentences would run concurrently, such that Defendant would not actually serve any longer than contemplated in his plea agreement with the State.
 

 Defendant gave oral notice of appeal in open court.
 
 [1]
 

 II. Analysis
 

 Defendant makes two arguments on appeal. First, Defendant argues that the trial court erred by denying his motion to withdraw his guilty plea prior to being sentenced. Defendant made it known to the trial court quickly that he did not like the plea agreement into which he had
 
 *654
 
 entered. But his attorney did not formally move on his behalf to withdraw the plea until much later. Our Supreme Court has instructed that a defendant's burden is low when his motion is made soon after entering his plea.
 
 See
 

 State v. Handy,
 

 326 N.C. 532
 
 , 539,
 
 391 S.E.2d 159
 
 , 162-63 (1990). In any event, because we conclude that Defendant is entitled to relief based on his
 
 second
 
 appellate argument, we do not need to decide this first issue.
 

 In his second argument, Defendant contends that the trial court erred in imposing a sentence inconsistent with the sentence set out in his plea agreement without informing Defendant that he had a right to withdraw his guilty plea. For the following reasons, since we conclude that the concurrent sentences imposed by the trial court differed from the single sentence agreed to by Defendant in his plea agreement, we agree with Defendant.
 

 *247
 
 Section 15A-1024 of our General Statutes provides that a defendant must be informed and allowed to withdraw his plea where the sentence to be imposed differs from what was agreed upon:
 

 If at the time of sentencing, the judge for any reason determines to impose a sentence
 
 other than
 
 provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea. Upon withdrawal, the defendant is entitled to a continuance until the next session of court.
 

 N.C. Gen. Stat. § 15A-1024 (2017) (emphasis added).
 

 Here, Defendant's plea arrangement for all his 1998 and 2015 offenses which stated, in relevant part, that Defendant would "receive a consolidated active sentence of 290 to 408 months." The trial court judge, though, determined that Defendant's 1998 offenses fell under a different sentencing grid than his 2015 offenses, where the 1998 offenses warranted lesser minimum and maximum sentences. In an apparent effort to accommodate this difference, the judge entered two separate, but concurrent, sentences.
 

 The State contends that, though the sentences entered were objectively different than the sentence described in the plea agreement, any possible error was harmless because the judge's sentence was practically the same. That is, the time Defendant will serve under the concurrent sentences is the same as he would have served if he had received the single sentence contemplated in his agreement with the State.
 

 *655
 
 Much of our precedent where relief has been granted under Section 15A-1024 involves instances where the sentence imposed by the judge was
 
 significantly
 
 different from or more severe than that agreed upon in the defendant's plea agreement.
 
 [2]
 
 However, our precedent is clear that
 
 any
 
 change by the trial judge in the sentence that was agreed upon by the defendant and the State, even a change benefitting the defendant, requires the judge to give the defendant an opportunity to withdraw his guilty plea. For instance, our Supreme Court has suggested the meaning of Section 15A-1024 to include situations where the sentence imposed is merely "different from" the sentence agreed to:
 

 The equally unambiguous language of 15A-1024 discloses that this statute applies in cases in which the trial judge does not reject a plea arrangement when it is presented to him but hears the evidence and at the time for sentencing determines that a sentence
 
 different from
 
 that provided for in the plea arrangement must be imposed. Under the express provisions of this statute a defendant is entitled to withdraw his plea and as a matter of right have his case continued until the next term.
 

 State v. Williams
 
 ,
 
 291 N.C. 442
 
 , 446-47,
 
 230 S.E.2d 515
 
 , 517-18 (1976) (emphasis added).
 

 And our Court has held that Section 15A-1024 is implicated even where the sentence imposed may be more favorable to the defendant that that which he had agreed to.
 
 State v. Wall
 
 ,
 
 167 N.C. App. 312
 
 , 316,
 
 605 S.E.2d 205
 
 , 208 (2004). In
 
 Wall
 
 , the trial judge sentenced the defendant to a sentence less than the sentence described in the defendant's plea agreement.
 

 Id.
 

 Our Court held that the plain language of Section 15A-1024 applied when any sentence "different from" the plea agreement was imposed and vacated the defendant's judgment accordingly.
 

 Id.
 

 at 317-18
 
 ,
 
 605 S.E.2d at 208-09
 
 . Further, in
 
 Wall
 
 , we noted that the Official Commentary to Section 15A-1024 demonstrates that our General
 
 *656
 
 Assembly intended for the statute "to
 
 *248
 
 apply if there is
 
 any change at all
 
 concerning the substance[ ]" of the sentence imposed, rejecting to use the phrase "more severe than" in the statutory language.
 
 Wall
 
 , 167 N.C. at 316,
 
 605 S.E.2d at 208
 
 ( (quoting N.C. Gen. Stat. § 15A-1024 ) (emphasis added) ).
 

 We conclude that the two separate judgments/sentences imposed by the trial judge are different than the single, consolidated judgment/sentence that Defendant had agreed to.
 
 See
 

 State v. Russell
 
 ,
 
 153 N.C. App. 508
 
 , 509,
 
 570 S.E.2d 245
 
 , 247 (2002) ("A plea agreement is treated as contractual in nature[.]"). Though the total amount of time served in the concurrent sentences is materially the same as the single consolidated sentence in Defendant's plea agreement, Defendant is still liable for two separate judgments and two separate sentences. This is not what he agreed to. And, for example, if for any reason one of the judgments was later vacated, Defendant would still be left with an outstanding judgment and corresponding sentence.
 

 We recognize that, ordinarily, "[a] judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play."
 
 State v. Pope
 
 ,
 
 257 N.C. 326
 
 , 335,
 
 126 S.E.2d 126
 
 , 133 (1962). However, our review of the case law shows no instances where a harmless or prejudicial error standard has been applied in cases involving Section 15A-1024, as plea arrangements are
 
 contractual
 
 in nature.
 

 III. Conclusion
 

 We hold that the trial court was required to inform Defendant of his right to withdraw his guilty plea pursuant to Section 15A-1024. We, therefore, must vacate the trial court's judgments and remand the matter for further proceedings consistent with this opinion. Since Defendant was entitled to withdraw his plea based on the sentencing, we conclude that Defendant is no longer bound by the plea arrangement; but neither is the State.
 
 See
 

 Puckett
 
 , 299 N.C. at 731, 264 S.E.2d at 99 (remanding under Section 15A-1024 with instructions "that the judgments of the trial court be vacated, that defendant's plea of guilty be stricken, and that the cases be reinstated on the trial docket"). On remand, the State and Defendant are, of course, free to enter into a new plea arrangement.
 

 VACATED AND REMANDED.
 

 Judges BRYANT and ARROWOOD concur.
 

 [1]
 

 Defendant's oral notice of appeal adequately preserved his arguments with respect to the trial judge's denial of his motion to withdraw his guilty plea.
 
 See
 
 N.C.R. App. P. 4(a). However, Defendant failed to object to any portion of the trial judge's sentencing at trial, and further did not make any reference to sentencing procedures in his notice of appeal. Contemporaneous with this appeal, Defendant filed a motion for writ of
 
 certiorari
 
 asking that we address his arguments as to sentencing despite errors in preservation. We elect to grant Defendant's motion to reach the merits of Defendant's appeal.
 

 [2]
 

 See e.g.,
 

 State v. Puckett
 
 ,
 
 299 N.C. 727
 
 , 730-31,
 
 264 S.E.2d 96
 
 , 98-9 (1980) (vacating the trial court's sentence because the court inappropriately sentenced the defendant to two
 
 consecutive
 
 two-year sentences, inconsistent with the plea deal agreeing to a sentence of no more than two years total);
 
 State v. Carriker
 
 ,
 
 180 N.C. App. 470
 
 , 471-72,
 
 637 S.E.2d 557
 
 , 558-59 (2006) (vacating the trial court's sentence because it revoked the defendant's nursing license, where her plea agreement did not include license revocation);
 
 State v. Rhodes
 
 ,
 
 163 N.C. App. 191
 
 , 195,
 
 592 S.E.2d 731
 
 , 733 (2004) (vacating the sentence because the trial court sentenced the defendant to an active sentence of twenty-one (21) to twenty-six (26) months incarceration, inconsistent with the plea agreement for a sentence of twenty-one (21) to twenty-six (26) months incarceration to be suspended for three years).