IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-528

No. COA22-125

Filed 2 August 2022

Pasquotank County, Nos. 19 CRS 220; 222; 224; 240;  19 CRS 50275-76

STATE OF NORTH CAROLINA

v.

RODNEY RANDELL WENTZ

Appeal by Defendant from judgment entered 5 September 2019 by Judge J. Carlton Cole in Pasquotank County Superior Court.  Heard in the Court of Appeals 10 May 2022.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Joseph L. Hyde, for the State.*
>
> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Wyatt Orsbon, for Defendant-Appellant.*

WOOD, Judge.

Defendant Rodney Randell Wentz ("Defendant") appeals the trial court's denial of his motion to withdraw his guilty plea pursuant to N.C. Gen. Stat. § 15A-1024, alleging that the sentence imposed by the trial court was inconsistent with the sentence outlined in his plea agreement with the State.  After careful review, we vacate the trial court's judgment and remand for further proceedings.

## I.    Factual and Procedural Background

Between February 5 and February 19, 2019, Defendant and his daughter[1] committed three break-ins and stole several items including watches, televisions, jewelry, money, a safe, a wallet, and a 9-millimeter handgun magazine from several residences in Elizabeth City, North Carolina. Investigators determined Defendant and his daughter were staying at a local hotel, searched their room, and found a .22 caliber Gecado revolver among Defendant's belongings. Police also recovered several of the items stolen during the break-ins from Defendant's vehicle.

On April 22, 2019, a grand jury returned indictments charging Defendant with three counts each of breaking and entering, larceny after breaking and entering, possession of stolen goods, and one count each of larceny of a firearm, possession of a stolen firearm, possession of a firearm by a felon, and being a habitual felon due to three prior felony convictions.

On September 5, 2019, Defendant entered into a plea agreement with the State. Defendant agreed to enter an *Alford* plea to one count of possession of a firearm by a felon, three counts of felony breaking and entering, and to admit his status as a habitual felon. In exchange, the State agreed to dismiss the remaining charges. Additionally, the plea agreement stated: "The State does not oppose consolidating the offenses for sentencing. The Defendant is to receive an active

---

[1] Defendant's daughter is not the subject of this appeal.

sentence in the ~~aggrivated~~ [sic] range. The State will dismiss the related charges." Beneath the stricken word "aggrivated [sic]" was handwritten, "Presumptive 77-105 months."

¶ 5     On September 5, 2019, the parties brought their negotiated plea agreement before the trial court. The trial court read aloud the plea agreement and Defendant stated he understood, accepted, and entered the plea voluntarily, fully understanding what he was doing. After hearing the State's factual basis for the charges, the trial court turned to sentencing. The trial court noted, "the plea agreement says the State does not oppose the Court consolidating the offenses, but I'm not inclined to do that. What I would do is sentence him separately [for the Class C and Class D felonies]." Upon the trial court's statement, Defendant made a motion to withdraw the plea, contending he had "entered into this plea with the expectation that he would receive a sentence of 77 to 105 months."

¶ 6     In response, the trial court stated the plea agreement did not reflect Defendant's interpretation of it because the language provided that "the State does not oppose the matters being consolidated." The trial court determined that it would not consolidate the matters and that it was in its discretion to allow Defendant to withdraw his plea prior to entering sentence. The trial court observed,

> [i]f at the time of sentencing, the judge decides to impose a
> sentence other than that provided for in the negotiated plea
> arrangement, the defendant must be allowed to withdraw

his or her plea[2]. . . . However, the Court may allow the defendant to withdraw a guilty plea prior to sentencing for a fair and just reason. I'm not inclined to allow him to withdraw it . . . .

After denying Defendant's motion to withdraw the guilty plea, the trial court sentenced him to 77 to 105 months for the charge of possession of a firearm by a felon, followed by 67 to 93 months for the three breaking and entering convictions. Defendant received 188 days of credit for time served awaiting trial. Defendant gave oral notice of appeal.

## II.    Appellate Jurisdiction

Pursuant to N.C. Gen. Stat. § 15A-1444(e) and our decision in *State v. Dickens*, Defendant is entitled to appellate review of the denial of his motion to withdraw his *Alford* plea as a matter of right. N.C. Gen. Stat. § 15A-1444(e) (2019); *State v. Dickens*, 299 N.C. 76, 79, 261 S.E.2d 183, 185 (1980).

## III.    Analysis

Defendant's sole argument on appeal is that the trial court violated N.C. Gen. Stat. § 15A-1024 and erred in imposing a sentence inconsistent with the sentence set out in Defendant's plea agreement without allowing Defendant to withdraw his *Alford* plea. We agree.

### 1. *Standard of Review*

---

[2] We note that the trial court is reciting the first sentence of N.C. Gen. Stat. § 15A-1024 (2019).

As noted in *State v. Wall*, to determine "whether there was any proper reason for the trial court to have granted defendant's motion to withdraw his plea after a sentence is imposed, we look to the statutory provisions governing such a motion. Our General Assembly has created a clear right for a defendant to withdraw a plea at the time sentence is imposed if that sentence differs from that contained in the plea agreement" through N.C. Gen. Stat. § 15A-1024. 167 N.C. App. 312, 314, 605 S.E.2d 205, 207 (2014).

### 2. N.C. Gen. Stat. § 15A-1024's Application to the Plea Agreement

"Although a plea agreement occurs in the context of a criminal proceeding, it remains contractual in nature." *State v. Rodriguez*, 111 N.C. App. 141, 144, 431 S.E.2d 788, 790 (1993) (citation omitted). A plea agreement "is markedly different from an ordinary commercial contract" as it involves the waiver of fundamental constitutional rights, including the right to a jury trial. *State v. Blackwell*, 135 N.C. App. 729, 731, 522 S.E.2d 313, 315 (1999). Due to the serious contractual nature of a plea bargain, a "constant factor [in the plea-bargaining process] is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Rodriguez*, 111 N.C. App. at 144, 431 S.E.2d at 790 (quoting *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 499, 30 L. Ed. 2d 427, 433 (1971)). Due process mandates strict adherence to any plea agreement to ensure "the defendant

[receives] what is reasonably due in the circumstances." *Id.*

¶ 11     "There is no absolute right to have a tendered guilty plea accepted" by the trial court. *State v. Wallace*, 345 N.C. 462, 465, 480 S.E.2d 673, 675 (1997). The trial court judge may initially accept "a plea arrangement when it is presented to him[,] . . . [hear] the evidence[,] and at the time for sentencing [determine] that a sentence different from that provided for in the plea arrangement must be imposed." *State v. Williams*, 291 N.C. 442, 446, 230 S.E.2d 515, 517-18 (1976).

¶ 12     To ensure a defendant receives the benefit of a plea bargain, N.C. Gen. Stat. § 15A-1024 provides that a defendant must be informed and permitted to withdraw his plea when the sentence imposed by the trial court differs from what was agreed to under the terms of the plea agreement:

> If at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea. Upon withdrawal, the defendant is entitled to a continuance until the next session of court.

N.C. Gen. Stat. § 15A-1024; *State v. Marsh*, 265 N.C. App. 652, 654, 829 S.E.2d 245, 247 (2019). Once a trial court decides to impose a different sentence, the trial court should: (1) inform the defendant of the decision to impose a sentence other than that provided in the plea agreement; (2) inform the defendant that he can withdraw his plea; and (3) if the defendant chooses to withdraw his plea, grant a continuance until

the next session of court. *State v. Rhodes*, 163 N.C. App. 191, 195, 592 S.E.2d 731, 733 (2004). "Where a court fails to inform a defendant of [his] right to withdraw a guilty plea pursuant to N.C. Gen. Stat. § 15A-1024, the sentence must be vacated, and the case remanded for re-sentencing." *State v. Carriker*, 180 N.C. App. 470, 471, 637 S.E.2d 557, 558 (2006) (citing *Rhodes*, 163 N.C. App. at 195, 592 S.E.2d at 733). This Court's "precedent is clear that *any* change by the trial judge in the sentence that was agreed upon by the defendant and the State . . . requires the judge to give the defendant an opportunity to withdraw his guilty plea." *Marsh*, 265 N.C. App. at 655, 829 S.E.2d at 247 (emphasis added).

¶ 13    The State contends that the trial court's sentencing was not inconsistent with the plea agreement because the plea agreement's plain language does not require Defendant's offenses to be consolidated for sentencing. The State argues the plea agreement's language, "the State does not oppose consolidating the offenses for sentencing," possesses a similar effect as the plea agreement in *State v. Blount.* 209 N.C. App. 340, 346, 703 S.E.2d 921, 926 (2011). In *Blount*, the plea agreement between the State and defendant included the following language: "The State shall not object to punishment in the mitigated range of punishment." *Id.* This court determined that the terms of the plea agreement did not "provide for a mitigated-range sentence — only that the State would 'not object' to such a sentence." *Id.* We held there was "no agreed-upon sentence" between defendant and the State "for the

trial court to reject." *Id.* Drawing a parallel between the plea agreement in *Blount* and the plea agreement here, the State contends that it agreeing "not to oppose a particular sentence did not compel the trial court to impose that sentence." However, the plea agreement in this case is distinguishable from that in *Blount*.

¶ 14 Because a plea agreement involves a waiver of fundamental constitutional rights, "the right to due process and basic contract principles require strict adherence" to the terms of the agreement. *Rodriguez*, 111 N.C. App. at 145, 431 S.E.2d at 790. Furthermore, "this strict adherence 'require[s] holding the [State] to a greater degree of responsibility than the defendant (or possibly than would be either of the parties to commercial contracts) for imprecisions or ambiguities in plea agreements.' " *Blackwell*, 135 N.C. App. at 731, 522 S.E.2d at 315 (quoting *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986)). Thus, "when a prosecutor fails to fulfill promises made to the defendant in negotiating a plea bargain, the defendant's constitutional rights have been violated and he is entitled to relief." *Rodriguez*, 111 N.C. App. at 145, 431 S.E.2d at 790 (quoting *Northeast Motor Co. v. N.C. State Board of Alcoholic Control*, 35 N.C. App. 536, 538, 241 S.E.2d 727, 729 (1978)).

¶ 15 In this case, the plea agreement includes a specific, agreed-upon sentence between Defendant and the State: "The Defendant is to receive an active sentence in the ~~aggrivated~~ [sic] range," a sentence intended to be in the presumptive range of "77-

105 months." Defendant "quite reasonably interpreted this to mean that the State promised" that in exchange for his *Alford* plea, he would receive an active sentence in the presumptive range of "77-105 months." *See Blackwell*, 135 N.C. App. at 731, 522 S.E.2d at 315. Thus, the plea agreement laid out an agreed-upon sentence for the trial court to either accept or reject. *See Blount,* 209 N.C. App. at 346, 703 S.E.2d at 926.

¶ 16        The State's argument focuses on the plea agreement's language of "[t]he State does not oppose" to justify the trial court's discretion in not consolidating Defendant's convictions into one judgment. The State contends that this choice of words in the plea agreement placed Defendant "on notice that consolidation was not guaranteed." However, the strict adherence to the plea agreement requires construing any ambiguities in the agreement against the State as its drafter. *Blackwell*, 135 N.C. App. at 731, 522 S.E.2d at 315 (quoting *Harvey*, 791 F.2d at 300). When reading the provisions of the plea agreement together "as a whole", it was reasonable for Defendant to rely upon the consolidation of his offenses for sentencing as part of the inducement for Defendant's *Alford* plea. *See Rodriguez*, 111 N.C. App. at 144, 431 S.E.2d at 790. Simply put, Defendant did not waive his constitutional rights and bargain for the State's interpretation of the plea agreement. Moreover, a "defendant should not be forced to anticipate loopholes that the State might create in its own promises." *Blackwell*, 135 N.C. App. at 731, 522 S.E.2d at 315.

¶ 17        At sentencing, the trial court clearly articulated its discretion to impose something other than a consolidation of Defendant's sentences. While the trial court sentenced Defendant to 77 to 105 months for the charge of possession of a firearm by a felon, it imposed an alternative sentence of 67 to 93 months for the three breaking and entering convictions and ordered both sentences to run consecutively.

¶ 18        In *State v. Carriker*, this Court held that the trial court erred by denying the defendant's motion to withdraw her plea after ordering the defendant to surrender her nursing license, a sentence that was not included in the plea agreement. 180 N.C. App. at 471, 637 S.E.2d at 558. Here, as in *Carriker*, the trial court imposed an additional sentence from that specified in the plea agreement. *Id.* The trial court's subsequent sentencing of 67 to 93 months was contrary to the inducement Defendant bargained for in his plea agreement with the State. Our Court has held that *any* change by the trial court in the sentence that was agreed upon by the defendant and the State requires the trial court judge to give the defendant an opportunity to withdraw his guilty plea. *Marsh*, 265 N.C. App. at 655, 829 S.E.2d at 247. The record before us reveals the trial court "failed to inform defendant of [his] right to withdraw [his] plea after determining to impose a sentence other than as provided in the plea arrangement." *Carriker*, 180 N.C. App. at 471, 637 S.E.2d at 558*; Wall*, 167 N.C. App. at 317, 605 S.E. 2d at 209. In fact, the trial court denied Defendant's motion to withdraw his plea.

¶ 19        We conclude the two separate sentences imposed by the trial court are different from the presumptive sentence of 77-105 months that Defendant bargained for in his plea agreement. *Marsh*, 265 N.C. App. at 656, 829 S.E.2d at 248; *see State v. Russell*, 153 N.C. App. 508, 509, 570 S.E.2d 245, 247 (2002) ("A plea agreement is treated as contractual in nature[.]"). Because the trial court denied Defendant his right to withdraw his guilty plea as required by N.C. Gen. Stat. § 15A-1024, we vacate and remand to the trial court for proceedings not inconsistent with the statute. *Carriker*, 180 N.C. App. at 471, 637 S.E.2d at 558.

## IV.    Conclusion

¶ 20        For the reasons stated, we hold the trial court was required to inform Defendant of his right to withdraw his guilty plea pursuant to N.C. Gen. Stat. § 15A-1024. Accordingly, we vacate the trial court's judgment and remand this matter for further proceedings. Because Defendant was entitled to withdraw his plea once the trial court imposed a sentence inconsistent with the plea agreement, on remand, we conclude Defendant is no longer bound by the plea agreement. *Marsh*, 265 N.C. App. at 656, 829 S.E.2d at 248.

        VACATED AND REMANDED.

        Judges INMAN and ARROWOOD concur.